## M. E. Askew v. Mack Askew.

1. JUSTICE OF THE PEACE—JURISDICTION.—The statute provides that justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered, shall not exceed one hundred and fifty dollars. Code of 1871, § 1302. Where A. brought suit in the justice's court to recover a mule from A., and the justice of the peace gave judgment for plaintiff for $150.00, and the defendant appealed to the circuit court, and, on the trial there, the proof showed that the mule was worth $200.00; the circuit court dismissed the case for want of jurisdiction in the justice's court. *Held:* That the circuit court ruled correctly.

2. SAME—SAME.—The circuit court has no more jurisdiction on an appeal from a justice, than the justice had, unless given by statute. Schofield v. Penson, 4 Cush., 409; Crapoo v. Grand Gulf, 9 S. & M., 205.

3. SAME—SAME.—Where the claim of the plaintiff exceeds the jurisdiction of the justice of the peace, he cannot remit a portion of it, with a view to give jurisdiction to the justice of the peace, nor can he divide his account, though composed of various items, so as to bring it within that jurisdiction. Grayson v. Williams, Walker, 298.

Error to the circuit court of Oktibbeha county, Hon. J. A. ORR, Judge.

The facts in the case are fully stated in the opinion of the court and briefs of counsel.

The following errors are assigned:

1. That the court below wrongfully dismissed said cause, and ejected the same out of court, without any rightful authority, and on its own motion.

2. That the jury were the judges of the facts, and not the court, that the court erred as to the law, and as to its own power and jurisdiction.

3. That the court erred in refusing to *reinstate* the case and in overruling the motion of said plaintiff to reinstate the same.

4. That the court cut the case off *in limine*, and after hearing but a part of the evidence.

*James T. Harrison,* for plaintiff in error:

This was a suit commenced before a justice of the peace, to recover damages to the amount of $150.00, for an alleged loss sustained by the plaintiff, for the maltreatment, etc., of a mule hired by the plaintiff to the defendant. The damages were laid at $150.00, and the justice of the peace gave judgment for that amount. The defendant appealed to the circuit court. Both parties appeared in the circuit court, and the case was regularly submitted to a jury. The plaintiff thereupon introduced Joseph H. Askew as a witness, and during his examination he testified as to the facts of the case generally, and stated that the mule originally cost more than $200.00, and was worth at least $175.00 at the time of hiring. Thereupon the court, *ex mero motu,* dismissed the case. A motion was made to reinstate, which was overruled.

The court had no jurisdiction to try the facts, much less to cut the case off, *in limine,* upon the testimony of the first witness. At least the court ought to have heard the whole of the evidence. The jury were the judges of the facts. The justice of the peace, after hearing all the facts, gave judgment for $150.00, the amount sued for, and it was the defendant who appealed to the circuit court. There was no question made by either party, in either court, as to jurisdiction. The defendant did not complain as to the amount sought to be recovered. The *opinion* of a single witness as to the value at the time of the hiring, was not the criterion of damages. The animal had been hired for the term of three years, and died near the end of the term, through neglect and starvation.

It would seem that the plaintiff ought to have been commended for her moderation for not claiming, or exacting, the extreme measure of damages. It was a mere question of damages.

It has been held that a creditor may release his debt, or so much of it as will reduce his demand down to the jurisdiction of a justice of the peace. King v. Dougherty, 2 Stewart,

487; Nibbs' use, etc., v. Moody, 5 Stewart & Porter, 198; Bentley v. Wright, 3 Alabama, 607; Bowditch v. Salisbury, 9 Johns, 366; Parkhurst v. Spaulding, 17 Vermont, 527; McRae v. McRae, 3 Dev. & Bat., 85; Melton v. Ellison, 2 Brevard, 399; Carroway v. Burton, 4 Humph., 108.

The plaintiff only claimed $150.00, and could not have recovered any more than she claimed. The judgment appealed from was only for $150.00. There was no plea to the jurisdiction in either court. The parties went to trial before the jury upon the merits. If there was a want of jurisdiction, the defendant had to put that matter in issue. There was no want of jurisdiction apparent upon the face of the papers. The defendant himself could not have set up, upon the proofs before the jury, a greater amount of damages than the sum claimed. Bentley, *et al.*, v. Wright, 3 Alabama, 607–609; Rose v. Thompson, 17 Alabama, 628.

A plea to the merits is a waiver of the objection. Same cases, 17 Ala., 628; 3 ib., 609.

The court is not ousted of jurisdiction even though a witness may prove that the damages amounted to more than $150.00. The plaintiff's own claim for damages must determine the jurisdiction. Ellit v. Linden, Brease, 263; 2 U. S. Digest, 710, § 311, § 318; Washburne v. Payne, 2 Black., p. 216.

The amount in controversy is the debt or damage sued for, and must regulate the jurisdiction. Mills v. Couchman, 4 J. J. Marshall, 243; Wilson v. Daniel, 4 Dallas, 401; 1 Peters' Cond. Rep., 185; Jukster v. Casren, 16 Mich., 484.

A plaintiff in bringing his suit before a justice of the peace, where he cannot recover more than a limited amount, must be understood as limiting his claim to that amount. Wooster v. McKinley, 1 Kansas, 317; 24 U. S. Dig., 398, § 21; Turner v. Holleran, 8 Minn., 451; 24 U. S. Dig., 498, § 13; Stone v. Murphy, 2 Clarke (Iowa), 35; 20 U. S. Dig., 604, § 34.

The plaintiff in the case, did not seek to recover anything more than the $150.00, for which judgment had been ob-

tained before the justice of the peace, and he was entitled to his right of trial by a jury of the country. The jury, were the proper judges, of the value of the mule. *Aliquando bonus Homerus dormitat.*

*Critz & Critz*, for defendant in error:

There is but one point for consideration in this case: Whether the plaintiff, when he has a right of action for an amount exceeding the jurisdiction of a justice of the peace, can remit or waive part of his demand, or right of action, in order to get his suit into the justice's court.

The statute defines the jurisdiction of justices of the peace, and, in case of appeals, the circuit court has no other jurisdiction than such as the justice had. Crapoo v. Town of G. Gulf, 9 S. & M., 205.

Whether, or not, plaintiff intended to defraud the circuit court of jurisdiction, is to be gathered from testimony and the record in the case. The simple fact that he (J. H. Askew, plaintiff's agent), instituted suit for $150.00, the full extent of a justice's jurisdiction, when he testifies that his loss was $200.00, shows that his only object in reducing his claim, was to bring it into that court's jurisdiction. Man naturally claims all that he has a right to, and where he has rights to be enforced, with law and justice on his side, the circuit court, with its learned judge, its juries, and other ample appliances, is a far preferable forum to the court of an ignorant magistrate, with its summary mode of procedure. So it is impossible to conceive why a party should surrender $50.00 in order to bring his suit into a justice's court, unless he wishes to get a speedy judgment, and avoid the strictest judicial scrutiny over his actions. Besides, there are various circumstances that go to prove fraud to the presiding judge that cannot be fully brought before the supreme court. His Honor knows, that at the same time this case was brought up by appeal, three other suits were brought up from the same court; that said three suits were all upon one running account, and amounted to $247.82 (as will appear

from a certified transcript filed herewith); that said suits were dismissed for want of jurisdiction in the court below; and trial *de novo* ordered in the circuit court. It is true this is outside the record in this case; but the court above will observe, that it was very impressive to the mind of the judge presiding, when he had occasion to review the action of J. H. Askew at two successive courts. The court above can let this go for what it is worth. Whether fraud of jurisdiction was really intended, matters not; whatever deprives a court of its jurisdiction, whether from ignorance or fraud, will not be countenanced in any court.

Counsel for plaintiff, in their motion for a new trial, say that this being an action for damages, for injury to personal property, and not an action on a contract, the rule invoked does not apply. Suppose plaintiff had sustained damages to his stock to the amount of a thousand dollars, and wished to bring suit against defendant for the injury sustained, but knowing his claim unjust, and having little hopes of sustaining a suit in the circuit court, were to bring suit before the justice of his beat, for $150.00, supposing defendant to be ignorant, that he may not have the advantage of counsel, and that he can push his suit through, even before the merits of the case can be fully developed; surely no court would deny that this would be a fraud upon the jurisdiction, and it is only the one now in question put in a stronger view. In actions in regard to any specific personal property, the suit will be defeated if the property in question is proven to be worth more than the limit allowed in justices' courts, although plaintiff does not claim more than that in his action. 30 Miss., 478. According to plaintiff's own testimony, this was an action on a contract. He testified, that the mule was worth $200.00; that defendant contracted to take good care of it, and return it in as good condition as he received it, or its value; that the mule was a total loss, and defendant was really due him $200.00 upon this contract. Plaintiff could no more carve out his right of action upon a claim of

this kind, than upon a promissory note, in order to bring it in an inferior tribunal. Burr v. Seydell, 20 Texas, 61.

Plaintiff's counsel, in their motion say, that the judgment of the magistrate was within his jurisdiction; this does not estop the circuit court from dismissing, whenever fraud upon the jurisdiction appears. If at any stage of the proceedings, it appears that the court has no jurisdiction, the proceedings will be dismissed. Thomson v. Steamboat Morton, 2 Ohio, 26 ; Lee v. Foot, 2 Baily, 112.

Counsel for plaintiff contend that the cause should not have been dismissed upon the testimony of a single witness. But it will be seen from the record, that J. H. Askew is something more than a mere witness in this suit. His testimony was conclusive as to the plaintiff, as he was the sole agent of his mother, M. E. Askew, through the whole transaction of hiring the mule, and always appeared as the real plaintiff in the case of M. E. Askew v. Mack Askew, and is therefore estopped by his own testimony.

The jury are the judges of the facts and the amount of damages to the property, in controversy, but when facts are admitted by plaintiff, which defeat jurisdiction of the court, it must dismiss; jurisdiction is a question of law to be decided by the court and not by the jury. We think, therefore, that no court will entertain the proposition that a party can institute a suit, and then come into court and swear to a state of facts inconsistent with his action, and still remain in court. Parties cannot contradict themselves on vital points and remain in court.

Peyton, C. J., delivered the opinion of the court :

The plaintiff in error, brought suit against the defendant in error, before a justice of the peace of Oktibbeha county, to recover the value of a mule. The justice of the peace gave judgment for the plaintiff, for $150.00, from which the defendant appealed to the circuit court of said county, which dismissed the cause for want of jurisdiction.

Upon the trial in the circuit court, the testimony proved

that the mule was worth $200.00. Whereupon the court dismissed the cause for want of jurisdiction in the justice of the peace.

It is provided by our statue that justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages, or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered, shall not exceed $150.00. § 1302, Code of 1871.

Hence, it will appear that the value of the property sued for, exceeded the jurisdiction of the justice of the peace; and the circuit court has no more jurisdiction on an appeal from a justice, than he had, unless given by statute; and in this case the cause was properly dismissed in the circuit court for want of jurisdiction. Schofield v. Pensons 4 Cush., 409; and Crapoo v. Grand Gulf, 9 S. & M., 205.

Where the claim of the plaintiff exceeds the jurisdiction of a justice of a peace, he cannot remit a portion of it with a view to give jurisdiction to a justice of the peace; nor can he divide his account, though composed of various items, so as to bring it within that jurisdiction. Grayson v. Williams, Walker, 298.

The judgment of the court below must be affirmed.