MOBILE & OHIO RAILROAD CO. VS. THE STATE.

1. RAILROADS: *Signboards.   Sec.* 2424, *Code of* 1871.

This statute requires railroad companies to erect signboards where they cross highways, and imposes a penalty for failure to do so; is unconstitutional in so far as it gives to the county the fine collected. The suit permitted by it is a civil suit, and the state has no interest in it. The fine, when collected, belongs to the school fund, and the state board of education are the proper parties to bring the suit for a violation of its provisions. The term "highway" as used in this section means a public road in the country, and not a street in a town or city.

2. SAME: *Sec.* 2421, *Code of* 1871.

The legislature has the power to regulate the speed of locomotives in passing through cities and towns, and the exercise of such power is no violation of a charter.

ERROR to the Circuit Court of *Alcorn* County.

Hon. B. B. BOONE, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

*George N. Stewart* and *Harris & George,* for plaintiff in error, filed an elaborate written argument, and argued the case orally.

*Curlee & Stanlee,* for defendant in error, filed a brief and argued the case orally.

PEYTON, C. J., delivered the opinion of the court.

It is admitted in this case that the state of Mississippi has instituted thirty-two suits against the Mobile & Ohio Railroad Company, to recover the penalty in each case of fifty dollars, for failure to erect and keep up a board upon a post, or frame sufficiently high, at every place where the railroad may cross a highway, with this inscription: "Look out for the locomotive." Sixteen

of these suits were brought for failure to put up said signboard at the railroad crossing of a public highway in the county, and sixteen of them were brought for failure to put up said signboard at the railroad crossing of a street in the town of Rienzi. This case and the case numbered 1347, between the same parties now before the court, are, by agreement of counsel, to decide the thirty-two cases. And the forfeitures or penalties sued for in these cases were all existing at the time of the institution of these suits.

Appeals were taken from the judgments of the justice of the peace before whom the suits were brought, to the circuit court, in which the defendants moved the court that all said cases be consolidated, and the suits dismissed for the want of jurisdiction in the justice of the peace. The motion was overruled, and judgments were rendered for the plaintiff in the circuit court, from which writs of error are prosecuted on the part of the railroad company, who make the following assignments of error:

1. The court below erred in overruling the defendant's motion to dismiss the suit.

2. The court below erred in admitting the evidence offered on the part of the state, and in refusing to exclude the evidence from the jury.

3. The proceedings on their face show no liability of the plaintiff in error, civil or criminal.

In considering the first error assigned, it becomes necessary to determine whether these suits are civil or criminal proceedings. If they were civil suits, the state had no interest in them, and the suits should have been dismissed on that ground.

These suits were brought under section 2424 of the code of 1871, which provides that the railroad company shall be liable to a fine of fifty dollars for each failure to put up the signboard as therein required, and that such offense shall be cognizable before a justice of the peace. By reference to the 6th section of the 8th article of the constitution, it will be seen that all fines collected in the several counties for any breach of the penal laws, shall go

into and constitute a part of the common school fund, and as the board of education has the general management of that fund, that board, under the 1997th section of the code of 1871, may sue for and recover all such fines and penalties.   Suits may have been brought before a justice of the peace for the penalty or fine incurred for the first default, or for the three first defaults, being within his jurisdiction.   But whenever the fines, added together, amounted to more than one hundred and fifty dollars, the justice of the peace has no jurisdiction, and an action of debt should be brought therefor in the circuit court.   This is the proper remedy for a penalty imposed by a statute.   1 Chitty on Plead., 108.   It will thus be seen that these are civil suits, in which the state has no interest, and were therefore improperly instituted and carried on by the state.

The law abhors a multiplicity of suits, and therefore the legislature cannot be supposed to authorize a violation of this wise and salutary maxim, by allowing many suits, when one will subserve all the purposes of justice, give the plaintiff all he is entitled to, and protect the defendant against unnecessary litigation and onerous costs, which would necessarily result from a separate suit for each penalty, after all had been incurred.   All the penalties which had been incurred at the time of the institution of the suit, when added together, constitute the claim for which the action should be brought in the court having jurisdiction thereof, and it is the wise policy of the law not to permit that claim to be split or divided into the original elements of which it is composed, for the purpose of giving cognizance thereof to another and inferior jurisdiction in a multiplicity of suits, which tends not to the advancement of justice to the plaintiff, but to harrass, injure and oppress the defendant.   Grayson v. Williams, Walk., 298; Scofield v. Pensons, 4 Cush., 402, and Askew v. Askew, 49 Miss., 301. If these views of the law be correct, the first assignment of error is well taken, and this disposes of the case and renders it unnecessary to notice the third assignment of error.

The second assignment of error, however, which impeaches the

propriety of the action of the court below in allowing testimony to go to the jury, tending to prove default of defendants in not putting up the signboard supposed to be required by law, at the crossing of the street in the town of Rienzi, it is deemed proper to notice.

The consideration of this assignment of error involves the construction of section 2421 of the code of 1871, which provides that any railroad company having the right of way may run locomotives and cars by steam through towns, cities and villages, at the rate of six miles an hour, and no more; and if, in passing through any town, city or village, any locomotive or car should be run at a greater rate of speed, the company shall pay one hundred dollars. The increased penalty and the diminished speed in the running of the locomotive and cars, were regarded by the legislature as sufficient security and protection of life. There can be no reasonable doubt that the legislature has the power to regulate the speed of a locomotive and cars in passing through any city, town or village, and the exercise of such power is no violation of the charter of the railroad company. In the case of Donnaher v. The State, 8 S. & M., 649, it was held that the corporation of the city of Jackson has the power, for the protection of its citizens and their property, to regulate the mode of propelling the cars within its limits; to say whether steam or horse power shall be employed, and to prescribe the rate at which they may move. In the town the rate of speed is limited to six miles an hour, but the rate of speed in the country is unlimited, and hence the necessity of the greater precaution in the country at the railroad crossings of the public highways. Six miles an hour is but little faster in speed than that of an ordinary wagon and team, or that of an ordinary carriage drawn by horses. With ordinary prudence and care, there can be no danger to life from a locomotive and cars moving at a rate of only six miles an hour, especially if the bell be kept ringing, or the whistle shall be kept blowing, until the engine has stopped or passed through the town.

Webster defines a street to be a city road, and a highway to be

a public road, with respect to the use there can be no doubt that they are both public. But we think the statute under consideration means, by the term highway, a public road in the country, and not a street in a city or town. This is apparent from the different provisions of the two sections before referred to and noticed. There was therefore no obligation on the part of the defendants to put up a board at the crossing of the street in the town of Rienzi, cautioning the citizens to "look out for the locomotive," and they incurred no penalty in failing to do so. This assignment is also well taken.

A failure to erect the board, as directed by the statute, shall be deemed to have occurred once every day the company may continue so to fail or neglect to have the same set up at the crossing of the public highway in the country by said railroad. And such penalties added together will constitute the sum for which the board of education may bring an action of debt in the circuit court.

That part of the statute which directs that the penalties or fines when collected shall go the use of the county, being in contravention of the constitution as before stated, is null and void.

These judgments are reversed, the defendant's motion sustained, and the suits dismissed.