### D. W. FENN *v.* JANE E. HARRINGTON.

1. CIRCUIT COURT.　*Jurisdiction.　Principal amount.　Criterion of value.*
   Under Code 1871, § 1302, the test of jurisdiction is the amount demanded in the pleadings, subject to be defeated if it proves to be an attempt to evade the constitutional limitations.　*Stephen* v. *Eiseman, ante,* 535, distinguished.

2. REPLEVIN.　*Judgment.　Defective bond.　Presumption as to disposition of property seized.*
   The defendant's bond for the property in replevin, if not in accordance with the statute, does not warrant a judgment against the sureties; but shows, in the absence of contrary proof, that the defendant retains the property, and justifies a judgment against him therefor.

ERROR to the Circuit Court of Amite County.

Hon. J. M. SMILEY, Judge.

Jane E. Harrington made an affidavit before the clerk of the Circuit Court in replevin for the recovery of a buggy, stated in said affidavit to be of the value of $165, as detained by D. W. Fenn, the defendant. The writ of replevin issued, and was returned by the sheriff, executed personally on D. W. Fenn, " and by levying upon the within-named buggy, and taking a bond for the same of $150, said bond being herewith filed." The bond returned was in form a replevin bond in attachment, signed by the defendant Fenn and one surety. The declaration filed averred the value of the buggy to be $165. Fenn appeared, and pleaded the general issue. There was a jury, and verdict for the plaintiff, valuing the buggy at $150, and awarding $175 damages; on which the court gave judgment that the defendant should return the buggy to the plaintiff, or, in default thereof, pay her $150, and that the plaintiff should recover of the defendant $175 damages and her costs, and certified " that the plaintiff had reasonable ground to expect a verdict for more than $150 as the value of the buggy in controversy." The defendant moved the court to set aside the judgment for the plaintiff, and for a judgment in favor of the defendant for costs, or for a judgment dismissing the suit, because the value of the property sued for did not exceed $150, as appeared from the verdict of the jury. The action of the court in overruling this motion and the judgment for the return of the buggy are the errors assigned.

*E. Safford*, for the plaintiff in error.

1. Code 1871, § 1302, provides that Justices' Courts shall have jurisdiction of all actions for the recovery of personal property, where the value of the property sought to be recovered shall not exceed $150. The damages are no part of the test of jurisdiction, which is fixed by the value of the property. *Higgins* v. *Deloach, ante,* 498. The legal criterion of value is the verdict of the jury. *Stephen* v. *Eiseman, ante,* 535. Where the evidence shows that the property is worth $200, the Circuit Court may dismiss a suit appealed from a justice, without submitting it to the jury. *Askew* v. *Askew,* 49 Miss. 301. The Supreme Court in such cases, rendering such judgment as

the court below should have rendered, dismisses the action. *Martin* v. *Harden*, 52 Miss. 694.

2. The certificate of the judge, that the plaintiff had reason to expect to recover more than $150, does not help the matter. Code 1871, § 666, providing that such a certificate shall save the plaintiff costs, by its terms applies to money demands, and cannot be made to fit an action for specific property, like replevin. The plaintiff expected to recover a buggy; and she did recover the buggy. This was no open account or unliquidated demand.

3. The Constitution fixes the jurisdictional line. " Circuit Courts shall have original jurisdiction . . . in civil cases only when the principal amount in controversy exceeds $150." Const. art. 6, § 14. " The jurisdiction of justices of the peace shall be limited to causes in which the principal of the amount in controversy shall not exceed the sum of $150." Const. art. 6, § 23. The jurisdictional line is value — $150; and any statute which attempts to empower the Circuit Court to deal with a case involving a less value, or the magistrate to try one respecting a greater, conflicts with the constitutional limitations, and is void.

4. Clearly the judgment against Fenn for the return of the buggy, or $150, its value, was erroneous. It nowhere appears that Fenn ever had the buggy after the sheriff took it. The return shows that the sheriff levied on it, and that he took bond ; but it does not show that he delivered the buggy to Fenn. The bond was clearly a nullity; and the presumption of the delivery of the buggy to Fenn, which might arise if he took a valid bond, gives place to the contrary presumption, that he did *not* give up the property on a void bond. No bond having been given, the presumption is that the sheriff did his duty and retained the property, under § 1531 Code 1871, and the judgment should have been as prescribed in § 1534 Code 1871.

*C. P. Neilson* and *Cassedy & Stockdale*, for the defendant in error.

1. The Circuit Court had jurisdiction of the action at its inception, it being a civil suit where the principal amount in controversy exceeded $150. That this includes the value of

personal property, and is not confined to a money demand, is now well settled. *Bell* v. *West Point*, 51 Miss. 262.

2. The affidavit and the declaration fixed the value at $165. *Prima facie*, then, the court had jurisdiction. Did the valuation of the jury alter the result? Not unless the original amount was claimed to be the value, in fraud of the jurisdiction of the court. Such is the criterion which the legislature has established. Code 1871, § 666. The judge who hears the trial is to determine whether the greater sum was demanded to evade the question of jurisdiction.

3. If the verdict of the jury is to determine the jurisdiction of the court, it will be ever varying. And it will be a hazardous experiment, in cases near the line of demarcation, to bring the suit in either court.

4. The defendant's motion to dismiss the suit with costs raises the question of the intent with which the value was fixed by the plaintiff. If she had reason to believe that the buggy was worth $165, the statute provides that the verdict of the jury shall not even prevent her recovering costs. If she so believed without reason, then she loses her costs. But, in the absence of proof of an attempted fraud upon the jurisdiction of the court, the suit cannot be dismissed.

5. It is assumed by counsel that § 666 Code 1871 applies alone to money demands. The language is the same as that of the constitutional provision which, in *Bell* v. *West Point*, *ubi supra*, was held to embrace suits for the recovery of personal property.

6. The presumption from the face of the record is, that the buggy, after being seized, was delivered by the sheriff to the defendant, and that the judgment against him for the buggy or its value is correct. The writ commands the sheriff to deliver the buggy to the defendant on his giving bond. The officer returns the bond, with the statement that he took it for the buggy. As nothing appears to the contrary, the legal presumption is that the sheriff did his duty, and delivered the buggy to Fenn, especially as no objection of this kind was made in the court below.

7. The failure to take judgment on the bond against Fenn and his surety, and the question whether the bond was good or

bad, are matters with which the appellant has nothing to do, as they cannot affect him.

CHALMERS, J., delivered the opinion of the court.

The action was replevin for a buggy, commenced in the Circuit Court. The affidavit and the declaration stated the value of the buggy at $165; but the verdict of the jury fixed it at $150. In entering up judgment on the verdict, the court certified that the plaintiff had reasonable ground to expect a verdict fixing the value of the property at more than $150.

It is insisted that the valuation of the jury ousted the jurisdiction of the Circuit Court, or rather demonstrated that it never had jurisdiction, and that, upon its rendition, the suit should have been dismissed, or remanded to a Justice's Court. Such was our ruling in *Stephen* v. *Eiseman, ante,* 535; but in that case there was no value given in the affidavit, nor in the declaration, nor anywhere, save in the verdict. There was nothing except the verdict to suggest a value, and the value ascertained by it was beneath the jurisdiction. There was no certificate by the court that the plaintiff in that case had reasonable ground to anticipate a higher valuation. We found ourselves, therefore, confronted by a case which, according to the only standard suggested by the record, seemed clearly below the jurisdiction of the court in which it originated. Here, on the contrary, the pleadings give the court jurisdiction; and the judgment recites that there was good reason to believe that the value of the property warranted the pleadings.

Code 1871, § 666, provides that " if a suit shall be brought in any Circuit Court for a less sum than the court can take cognizance of, or if a greater sum than is due shall be demanded, on purpose to evade this act, the plaintiff shall be nonsuited, and shall pay costs; and if the plaintiff, in any other case, shall not recover more than $150, he shall not recover any costs of the defendant, unless the judge shall be of opinion, and so enter on the record, that the plaintiff had reasonable ground to expect to recover more than $150, or unless the court shall have jurisdiction of the cause, without respect to the amount in controversy." This section seems to declare that the jurisdiction of the court shall be determined by the pleadings, except where

there is a purpose to evade the limitations on the jurisdiction by the averment of a false amount. If the pleadings show a want of jurisdiction, or if the facts develop a purpose to evade the legal limitations upon it, the plaintiff shall be nonsuited ; but in no case of a recovery of less than $150 shall there be any judgment for costs, except upon a certificate of the court that there were just grounds to expect a larger recovery. It is impossible to conceive any other satisfactory method of ascertaining the jurisdiction than this, and the case at bar strikingly demonstrates its wisdom. The plaintiff doubtless believed the buggy to be worth more than $150. If the jury had fixed its value at one cent above that sum, the jurisdiction would be undoubted. Shall she be nonsuited because she honestly overestimated the value of her property? We think not, but that the statute quoted indicates the true method of testing the constitutional jurisdiction of the court; namely, that it is determinable by the pleadings : but if the court shall be of opinion that a false amount or value has been averred for purposes of evasion, a nonsuit will be entered. Unless there is such adjudication, a verdict for a smaller sum than $150 will be good, but will only carry costs when accompanied by an entry of record that there was reasonable ground to expect a larger recovery. The rule must be similar in the Justice's Court, and in appeals therefrom to the Circuit Court; that is to say, if the sum demanded is within the jurisdiction, the suit will not be defeated because a greater sum is found due, unless there was a purpose, by a reduction of the demand, to perpetrate a fraud on the court. Of course, no recovery could be had for more than $150, exclusive of interest and damages ; but up to that amount judgment should be entered. The plaintiff in such case would be precluded from the assertion of any demand for the surplus. The amount in controversy is the standard of the jurisdiction ; and the sum demanded must be accepted as the amount in controversy, unless it has been purposely magnified or diminished. No other rule than this is practicable.

Sect. 666 is not in terms made applicable to actions for the recovery of personal property ; but the principle governing these and suits for money demands is the same. The

value of the property fixes the jurisdiction.   Value is generally a mere matter of opinion ; and, if the jurisdiction of the courts is to be fixed by the conflicting opinions of litigants and jurors on this question, no satisfactory standard can ever be established.   Suppose, for instance, that a plaintiff brings his action of replevin in the Justice's Court for the recovery of a horse, alleging its value, in good faith, at $150.   Upon the trial, the justice is of opinion that the horse is worth $160, and therefore dismisses the action.   The plaintiff then brings a new suit, in the Circuit Court, alleging the value at $160 ; but upon the trial the jury fixes the value at $150, and thereupon his action is again dismissed.   Certainly no system of laws would tolerate such absurdities as this ; and yet they would be inevitable under the theory contended for by the appellant.   The danger of such results would be even greater in suits sounding wholly in damages, where there can be no standard, save the demand of the plaintiff and the opinion of the jury.   By § 826 of the Code, it is enacted that in actions for damages for assault and battery, libel and slander, there shall be no costs awarded the plaintiff where the verdict recovered is less than ten dollars.   This provision is found in the Circuit Court law, and clearly contemplates that, in this class of cases, there may be rendered in said court valid judgments for less than $150.   It certainly would not be contended in such cases, that if the plaintiff laid his damages at less than $150, and brought his suit in the Justice's Court, he should be nonsuited, because the justice or the jury in the Circuit Court, on appeal, thought that he should have claimed more.   In every point of view, our conclusion is that the test of the jurisdiction is the amount demanded by the pleadings, subject to the penalty of a nonsuit where there has been, in the opinion of the court, an attempt to evade the constitutional limitations.

In *Askew* v. *Askew*, 49 Miss. 301, a suit commenced in the Justice's Court was dismissed in the Circuit Court, upon the testimony of the agent of the plaintiff, who had instituted the action, that the value of the property sued for was $200 ; and this action of the Circuit Court was approved here.   This decision evidently proceeded upon the idea that the plaintiff, knowing that the value of the property was in excess of the

jurisdiction, had reduced his demand, in evasion of the constitutional limitations. So regarded, it does not conflict with the views here announced.

The judgment was properly rendered against the defendant for the return of the property or its alternate value. The bond taken by the sheriff was not in accordance with the statute, and therefore would not warrant a judgment against the surety; but it sufficiently showed that the property remained in the hands of the defendant, and therefore justified the judgment against him.       *Judgment affirmed.*