W. H. GRIFFIN v. J. A. McDANIEL ET AL.

JURISDICTION.   *Circuit court.   Amount in controversy.   Case in judgment.*
    G., having in his possession a promissory note for one hundred and sixty-three
    dollars and fifty-five cents belonging to W., as guardian of M., obligated him-
    self in writing to pay the proceeds of the note to the sureties on W.'s guar-
    dianship bond in the event they should have to pay off any part of W.'s
    indebtedness to his ward, which indebtedness was to be ascertained by the
    decree of the chancery court.   That court fixed the amount of such indebt-
    edness at four hundred and fifty dollars, all of which was paid off by W. except
    one hundred and thirty-four dollars, which was paid by the sureties, who
    thereupon brought suit in the circuit court on G.'s obligation, above referred
    to, declaring the amount of their demand to be one hundred and sixty-three
    dollars and fifty-five cents, but laying their damages at one hundred and sixty
    dollars.   *Held*, that, upon the evidence, there being no uncertainty as to the
    amount in controversy, to wit, one hundred and thirty-four dollars, and that
    being insufficient to give the circuit court jurisdiction, the plaintiffs cannot
    confer jurisdiction by laying the *ad damnum* at a sufficient amount.

APPEAL from the Circuit Court of Pontotoc County.

HON. W. S. FEATHERSTON, Judge.

On the 24th day of January, 1884, J. A. McDaniel and others, as obligees therein, brought suit against W. H. Griffin upon a writing obligatory signed by him and couched in the following language : " This indenture witnesseth, that whereas W. H. Griffin has in his possession one promissory note, made by Wanzo Gregory, due and payable to John S. Wilson, guardian for Mary Joe Emma Gregory, on the 1st day of December, 1879, for one hundred and sixty-three dollars and fifty-five cents, and which note he obtained from said guardian ; and whereas J. A. McDaniel, S. L. Wilson, T. N. Martin, and W. S. Bates, *securities* of the said guardian on his guardianship bond, claim that the said guardian had no legal right to dispose of the said note otherwise than for the bene-'fit of his said ward until he shall have fully paid off and satisfied his full liability to his ward through the Chancery Court of Chickasaw County, Miss. ; and whereas it is confidently believed that his full and entire liability to said ward will soon be fixed and determined by said court; and whereas, at the request of the said W.

H. Griffin, that he shall have the use of the proceeds of said note until the said liability of the said guardian shall be so fixed and determined by decree of said court, the said J. A. McDaniel, S. L. Wilson, T. N. Martin, and W. S. Bates have consented that the said Griffin may so use the proceeds of said note until the guardian's said liability shall be so fixed by the court, in consideration that he will return the said money, proceeds of same, to said sureties of the guardian aforesaid, to be applied and appropriated to paying off the said guardian's liabilities, in the event he, the guardian, shall fail otherwise to meet and pay off the same. Now, therefore, in order to carry out the said agreement, made by and between the said *securities* [and myself], I, the said W. H. Griffin, hereby promise and bind myself so to return to them the proceeds of said note, in the event any legal liabilities of the said guardian shall remain unpaid by said guardian without the proceeds of said note; but, in the event the said guardian shall otherwise meet and pay off his entire liabilities to his said ward, as so shown by the decree of the said chancery court, then the said Griffin shall not be required to return or pay the said money or any part thereof; nor is said Griffin to be responsible for the proceeds unless he shall collect it. December 1st, 1879."

The declaration averred a demand of one hundred and sixty-three dollars and fifty-five cents, in favor of the plaintiffs and against the defendant, on account of the proceeds of the note above referred to, which, it was alleged, had been collected by the defendant and appropriated to his own use, but the plaintiffs' damages were laid at one hundred and sixty dollars. And, among other averments, it was declared "that the said Chancery Court of Chickasaw County, by its decree, has fixed the liabilities of said guardian; that the legal liabilities of said guardian remain unpaid by said guardian, but are paid by said plaintiffs, his sureties aforesaid, or that said plaintiffs, as such sureties, are liable therefor without the proceeds of said note; and that said guardian has not otherwise met and paid off his entire liabilities to his said ward as so shown by the decree of the said chancery court." Neither the amount of the guardian's liabilities to his ward nor the amount paid

on account thereof by his sureties was stated in the declaration.

The defendant filed several pleas to the declaration (the nature of which need not be here stated), and after issue joined the case was tried before a jury. The evidence adduced showed that, on the 18th of May, 1880, the Chancery Court of Chickasaw County fixed the indebtedness of the guardian to his ward at four hundred and fifty dollars and twenty-seven cents, and that he had paid all of it except one hundred and thirty-four dollars and seventy cents, which the plaintiffs, as his sureties, had paid. The jury rendered a verdict in favor of the plaintiffs for one hundred and seventy-three dollars and eight cents, and from the judgment thereon the defendant appealed.

*W. T. Houston,* for the appellant.

The declaration fails to show what sum was paid by appellees or the amount of the decree. The failure to state the amount paid was the art of a skillful pleader endeavoring to give the circuit court jurisdiction of the matter in fraud of the jurisdiction of the justice court. The record shows that when the suit was brought appellees and each of them knew that under the contract sued on they only claimed to be entitled to recover one hundred and thirty-four dollars and seventy cents, with interest.

That the principal, exclusive of interest, is the measure of jurisdiction, was decided in 49 Miss. 786 ; 52 Miss. 694 ; 54 Miss. 535 and 536; 59 Miss. 362; 61 Miss. 15 ; 62 Miss. 75 and 76.

That the amount really claimed is the measure of jurisdiction in a suit on a contract with a condition, see 50 Miss. 393 ; 51 Miss. 529.

*J. H. Barr,* on the same side.

*Wilson* discharged all his liabilities as fixed by the chancery court decree, excepting a balance of one hundred and thirty-four dollars and seventy cents, and this amount the appellees paid, each paying his pro rata, and that amount paid off and discharged all of the liabilities of the guardian.

This was a *moneyed* demand—so much actually *paid*—that appellees were suing for, and that demand was only one hundred and thirty-four dollars and seventy cents, therefore it is *clear* that the

circuit court had no jurisdiction; even if it had been true that the appellees, when they brought the suit, were honestly mistaken as to the amount they had actually paid, which they were not, it would not have given jurisdiction to the circuit court, because no such principle could apply to moneyed demands. This principle is only applicable to cases where the *value* of *property* sued for is the criterion of jurisdiction, as in cases of replevin; there an *honest* mistake as to value will save the jurisdiction of the court, but no honest mistake as to the amount of a *moneyed* demand will. See *Ross* v. *Natchez R. R. Co.*, 61 Miss. 15; *Askew* v. *Askew*, 49 Miss. 306.

*Fontaine & Mitchell*, for the appellees.

The court clearly had jurisdiction. The instrument sued on is for the payment of one hundred and sixty-three dollars and fifty-five cents, and the decree of the chancery court, which occupied the attitude of arbitrator in the matter, fixed the liability of Wilson, guardian, to his ward at the sum of four hundred dollars, which is final and conclusive, and cannot be corrected except in the manner appointed by law. No parol testimony as to any error in amounts or anything else ascertained and fixed by it can do so. And, moreover, this was satisfied by appellees without the proceeds of the note sold by the guardian to appellant.

COOPER, C. J., delivered the opinion of the court.

The writing sued on is, in terms and effect, a contract of indemnity, and the extent of the right of the appellees is to recover so much from the appellant as they were required to pay by reason of their suretyship for Wilson, the delinquent guardian. The extent of the guardian's liability was fixed by the decree of the chancery court, and all of it paid by the guardian, except the sum of one hundred and thirty-four dollars and seventy cents, which was paid by the sureties. The amount of their liability as fixed by the chancery court (and by the contract the sum so adjudged by that court was to govern the rights of the parties), is not now, nor was it at any time uncertain, and it is the measure of the right of the appellees against the appellant.

The rule announced in *Fenn* v. *Harrington,* 54 Miss. 733, has no application except in those cases in which the pleadings show that the cause is within the jurisdiction of the court, but the value of the property, the extent of the injury, or the sum actually due, in actions of assumpsit, is found by the jury to be without the jurisdiction of the court.  In such cases, where the plaintiff honestly believes and contends for the recovery sought by him, there is a " controversy " between the parties over the amount demanded by the plaintiff, and this fixes the jurisdiction ; but where, as in this case, there is no uncertainty as to how much the plaintiff may recover, if he recovers at all, he cannot give jurisdiction to the court by fixing the *ad damnum* at a sum not warranted by the cause of action.

*The judgment is reversed, and the suit dismissed for want of jurisdiction in the circuit court.*