BOARD OF SUP'RS OF LAMAR COUNTY v. WARDEN AND BARRETT.

[75 South. 382, Division B.]

1. COURTS. *Jurisdiction. Estoppel.*
   In a suit by road contractors against a county, where, under their contract, they were entitled to a certain compensation, the fact that the board of supervisors of the county erroneously estimated the amount due the contractors at too high a figure, did not estop the county from afterwards questioning the jurisdiction of the court to try the case on account of the amount really involved.

2. JUDGMENTS. *Jurisdiction. Amount involved.*
   Where the maximum recovery to which plaintiff was entitled was one hundred and thirty-eight dollars the circuit court was without jurisdiction though the suit was brought for two hundred and ten dollars.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit by Warden & Barrett against the board of supervisors of Lamar county. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Salter & Hathorn,* for appellant.

*Tally & Mayson,* for appellee.

ETHRIDGE, J. delivered the opinion of the court.

Warden & Barrett were road contractors in district No. 5 of Lamar county, and filed a suit against the board of supervisors in the circuit court of said county, alleging that the board elected to work the public roads of the county by contract and resolved that the several beats should be let as a contractor's district, and that the plaintiffs were awarded the contract for working

district No. 5 of the said county for a term of four years at one hundred and eight dollars per mile for first-class roads and ninety-eight dollars a mile for second-class roads, and that they would be paid forty per cent. of the said contract price the first year and eight and four-sevenths per cent. of the contract price each semiannual payment thereafter; that the first year they were paid in full. and that the second payment they were only paid six hundred and thirty dollars and seventy-one cents, and claim that eight hundred and forty dollars and ninety-four cents were due them on said contract. The contract was made an exhibit to the pleadings, and shows that the plaintiffs were awarded thirty-two miles at one hundred and eight dollars per mile amounting to three thousand four hundred and fifty-six dollars, and fifty-six and three-eights miles at ninety-eight dollars per mile, amounting to five thousand five hundred and thirty-two dollars and fifty cents, making a total contract of eight thousand nine hundred and seventy-nine dollars and fifty cents, and for the payment in suit they were to be allowed, if the road was up to specifications, eight and four-sevenths per cent. of this eight thousand nine hundred and seventy-nine dollars and fifty cents which would amount to seven hundred and sixty-eight dollars and ninety-five cents, on which amount it appears from the declaration they were paid six hundred and thirty dollars and seventy-one cents which would only leave one hundred and thirty-eight dollars and twenty-four cents, instead of two hundred and ten dollars and twenty-three cents, stated in the declaration. It appears that the board of supervisors, in making the calculation of the amount that would be paid if the roads were up to specification, made a mistake as to the amount that would be due under this contract. In making the allowance of six hundred and thirty dollars and seventy-one cents, the board of supervisors intended, as shown by their entry on the minutes, for

this allowance to be in full of the payment to be made at that time, reciting that the contractors had not complied with their contract fully.

We are met at the threshold of this case with the question of jurisdiction, the case having originated in the circuit court, and the amount is shown by the exhibit to the declaration to be less than the jurisdictional amount of the circuit court. It is insisted by the appellee that the board was estopped to deny that the amount still due was two hundred and ten dollars and twenty-three cents, because they had figured the amount to be eight hundred and forty dollars and ninety-four cents. There is no element of estoppel in this, because the plaintiffs were not prejudiced or misled by this mistake, and the recital of the board on its minutes as to the amount that would be due at that time would not vary the terms of the contract. It thus appears that the circuit court had no jurisdiction to adjudicate the differences between the litigants in this case and that the judgment entered by the court against the county for two hundred and ten dollars and twenty-three cents was without jurisdictional authority and void. See *Rich* v. *Calhoun,* 12 S. 707; *Griffin* v. *McDaniel,* 63 Miss. 121; *M. J. & K. C. R. Co.* v. *Hitt et al.,* 55 So. 484.

The court being without jurisdiction to render the judgment, we cannot decide the other question presented in the record.

The judgment is reversed, and the suit dismissed.

*Reversed and dissmissed.*