## BETTS *v.* FALGO.

[88 South. 636, No. 21783.]

JUSTICES OF THE PEACE. *Jurisdiction determined by amount demanded in pleadings, in absence of fraud.*

Under section 2723, Code of 1906 (section 2222, Hemingway's Code), the jurisdiction of justice courts is determined by the amount demanded by the pleadings, unless there is a purpose to perpetrate a fraud upon the court and evade the constitutional limitations, by reducing the amount of the demand for the purpose of conferring jurisdiction.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Suit by J. C. Falgo against James Betts. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mize & Mize,* for appellant.

The jurisdiction of the justice court is prescribed by section 2723, Code of 1906, section 2222 of Hemingway's Code, as follows: "Justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages or personal property where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed two hundred dollars."

This section gives the justice of the peace jurisdiction of all actions for the recovery of debts or damages where the principal of the debt or the amount of the demand does not exceed two hundred dollars. The word demand in this instance is not the amount that is fixed by the declaration but is the amount of the damages, because it refers to the word damages.

The word "demand" is here used in the sense of the word "claim," and is practically synonymous with the word "claim." There is a conflict of authority as to whether or not a plaintiff can enter a *remittitur* down to the jurisdictional amount and thereby bring it within the justice's jurisdiction, but Mississippi has settled on the line that it cannot be done in a long line of cases. *Askew* v. *Askew,* 49 Miss. 301; *Pittman* v. *Chrisman,* 59 Miss. 124; *Ross* v. *Natchez, Jackson and Columbus R. R.,* 61 Miss. 12.

The Ross case cited, *supra,* shows that the rule applies in tort as well as in contract, relieving any doubt as to the meaning of the section above quoted. A reading of the section will indicate that it does not apply in all actions for damages, whether in tort or in contract, but the Ross case shows that it was a straight out action in tort for the killing of a mule, and therefore appellee's claim that his action is in tort does not make any difference with reference to the jurisdiction. *Y. & M. V. R. R.* v. *Payne,* 92 Miss. 126; *Parks* v. *Granger,* 96 Miss. 503.

The case of *Vicksburg Waterworks Company* v. *Ford,* 97 Miss. 198, is not in conflict with the above authorities,

it is an authority against the contention of the appellant herein.

The case at bar is simply this,; the appellee is in a collision in which his motor truck is damaged to an extent of six or seven hundred dollars, according to his own testimony and that of his mechanic, which is not disputed by any evidence in the record, and he brings his cause of action for two hundred dollars. Can this be sustained in the face of the authorities hereinbefore cited from our own court? While, as stated in the beginning, other states hold that a voluntary remission down to the jurisdictional amount can be made, yet our court has repeatedly held that a voluntary remission cannot be made to bring it within the jurisdiction of a justice court unless it *bona fide* belongs there. Our court has further held repeatedly that jurisdiction upon a justice of the peace court cannot be conferred by consent. See *Switzer* v. *Benny,* 94 Miss. 209.

To summarize, we have the following: As shown by the record without dispute, this is a case originating in the justice court in an action of tort, where the amount demanded by the declaration was two hundred dollars. The evidence disclosed without dispute that the appellee's automobile was damaged by collision with appellant's car to the extent of about six or seven hundred dollars but that he only brought suit for two hundred dollars in the justice court. Now, in this state of facts, what opinion can the court give if it affirms this case? The court will have to say in effect as follows: "In an action on tort, where plaintiff has been damaged in excess of two hundred dollars he can voluntarily remit his damages to an amount not exceeding two hundred dollars and thus confer jurisdiction upon the justice court." And if the court should hold this, we submit that it would thereby overrule practically all of the cases cited in this brief, as a number of them are cases founded on tort, and this court having held that jurisdiction could not be conferred by consent,

we submit that it should not be conferred by voluntary re-
mission on the part of the plaintiff.

So we respectfully submit that this case should be re-
versed and dismissed for want of jurisdiction.

*J. C. Ross,* for appellee.

I submit that the principle of law here involved is an-
nounced in *Fenn* v. *Harrington,* 54 Miss. 733, in the follow-
ing language: Under Code 1871, section 1302, the test of
jurisdiction is the amount demanded in the pleadings sub-
ject to be defeated if it proves to be an attempt to evade
the constitutional limitations; and is re-stated and af-
firmed in cases of *Ross* v. *Natchez, Jackson & Columbus
Railroad Company,* 61 Miss. 12, as follows: "The test of
the jurisdiction of the justice court in an action for the
value of property is the sum sued for unless the court or
jury is satisfied that the amount has been intentionally
diminished for the purpose of giving the court jurisdic-
tion;" and citing *Fenn* v. *Harrington, supra,* citing *Grif-
fin* v. *McDonald, et al.,* 63 Miss. 121; *Mullen* v. *Dudley,* 40
So. 546; *Johnson* v. *Tabor,* 57 So. 365, which was decided
by this court February 12, 1912, re-affirms the above prin-
ciple of law involved in this case, in the following lan-
guage: "The test of jurisdiction in replevin begun before
a justice being the value of the article as alleged in the
affidavit unless their value was knowingly misstated for
jurisdiction purposes the fact that the jury found their
value at more than stated in the affidavit, did not in the
absence of bad faith in the allegation effect the jurisdiction
of justice or on the circuit from appeal from him.

All the authorities cited by appellant in his brief deal
either with one of two classes of action—either with the
subject of splitting cause of action for the deliberate pur-
pose of giving jurisdiction to a court, the reverse thereof;
consolidating cause of action to prevent the obtaining of
jurisdiction by justice court.

Or second, bringing a suit in a justice court for money of a fixed amount or property with an actual fixed value outside of the jurisdiction of the justice court.

Let us deal with the cases in rotation as cited by appellant: *Askew* v. *Askew,* 49 Miss. 301, is a suit in replevin which deals with both of the subjects just above mentioned to-wit: the splitting of a cause of action for jurisdictional purpose and was a suit to recover a mule that was shown by the evidence to be valued at two hundred dollars, which was at that time fifty dollars more than the amount the justice court had jurisdiction of, and, therefore is not in point in this case.

*Pittman* v. *Chrisman,* 59 Miss. 124, deals solely with the subject of splitting a cause of action and violates, under the statement of facts contained therein, all the laws governing that subject; but it is not in point in this case in any particular.

*Ross* v. *Natchez, Jackson & Columbus Railroad Company,* 61 Miss. 12, as cited above by appellee as announcing the principle of law on which he stands here, was also cited by appellant which said case is about the strongest decision in the Mississippi reports against the stand of appellant; and I submit that if the court had before it only this one case, it would be compelled to find against appellant.

*Yazoo & M. V. R. Company* v. *Payne,* 45 So. 705, 92 Miss. 126, deals only with the subject of splitting a cause of action and does not touch the case at bar at all. *Parks* v. *Granger, et al.,* 51 So. 716, 96 Miss. 503, is dealing with the subject of whether or not attorney's fees provided in the face of the promissory note, if placed in the hands of an attorney for collection, should be considered as part of the principal of the note; and as the courts of Mississippi have long held that such fees are to be considered as part of the principal of indebtedness on the happening of the contingency provided, there is not even the question of splitting the cause of action in that suit, and it is as far from the cause at bar as the East is from the West.

*Vicksburg Waterworks Company* v. *Ford,* 52 So. 209; 97 Miss. 188, deals with the same old subject of splitting a cause of action for the purpose of giving the justice of the peace court jurisdiction and also deals with the question of plaintiff deliberately giving credit for a portion of the claim for the purpose of obtaining jurisdiction for the justice court.

*Switzer* v. *Benny,* 48 So. 401, 94 Miss. 209, deals with the question of the parties to a suit raising the amount in controversy by consent for the purpose of giving jurisdiction to a court, which does not touch this case side or bottom. There is no evidence in the record that even hints that Falgo, the plaintiff in the court below, sued for only two hundred dollars for the purpose of getting it within the justice court jurisdiction.

Nor is there any intimation in any of the testimony or pleadings that hints at fraud, dishonesty, or deception on the part of the plaintiff; but the pleadings and evidence shows that the suit was filed within a short time after the injury complained of was sustained; that the amount plaintiff Falgo sought to recover was to repay him for the damages he then felt that he had sustained; and I submit that the circuit court and this court are bound by the allegations of Falgo, plaintiff in the court below as to his injuries at the time the suit was filed; and further the defendant Betts in the court below has no right to complain here if Falgo, the plaintiff, under-estimated his damage, for the reason that Falgo is estopped under the law from filing any other suit for damages sustained in the collision of the automobile complained of.

I respectfully submit that there is absolutely no merit to the contention of appellant from any viewpoint and that this court should sustain the finding of the circuit court in his case and affirm the decision.

WILLIAM H. COOK, delivered the opinion of the court.

Appellee, J. C. Falgo, instituted suit in a justice court of Harrison county against James Betts for two hundred

dollars damages alleged to have been sustained by his motor truck in. a collision with appellant's Ford, and from a judgment for the sum sued for defendant appealed to the circuit court. In the circuit court there was also a judgment for the sum· of two hundred dollars, and from this judgment this appeal was prosecuted.

Upon the trial in the circuit court, on the question of the amount of the damage, the testimony offered by appellee was to the effect that he had paid out the sum of two hundred dollars for repairs to the truck, and that he only demanded to. be reimbursed for the money actually paid out, but that the truck was still out of order in several particulars; that it would never be as good as it was before the collision; and that the damage to the truck was largely in excess of the two hundred dollars demanded of defendant. At the conclusion of the testimony a motion was made by the defendant to dismiss the cause, on the ground that the justice court was without jurisdiction, and the only assignment of error here is based upon the refusal of the court to dismiss the suit.

The jurisdiction of the justice courts is fixed by section 2723, Code of 1906 (section 2222, Hemingway's Code), which provides that justices of the peace shall have jurisdiction of all actions for the recovery of debts or damages, or personal property, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered, shall not exceed two hundred dollars. In suits instituted in the justice court the jurisdiction is determined by the amount demanded by the pleadings, unless there is a purpose to perpetrate a fraud upon the court and evade the `constitutional limitations by purposely reducing the amount of the demand to confer jurisdiction. There is nothing in this record to indicate that appellee has reduced his demand for the purpose of bringing it within the jurisdiction of the justice court, but, on the contrary, the actual cost of repairing the damaged truck is a very reasonable basis for the claim or demand against appellant. We do not think the fact that appellee has elect-

ed to adopt as a basis for his claim the actual cost of the repairs rather than go into the speculative field of probable damage, indicated a purpose to perpetrate a fraud upon the jurisdiction of the court.

For a reversal of this case appellant relies principally upon the case of *Askew* v. *Askew,* 49 Miss. 301; but, as this case was explained in *Fenn* v. *Harrington,* 54 Miss. 733, we do not think it is in conflict with the views herein announced. In *Fenn* v. *Harrington, supra,* the court, speaking through Justice CHALMERS, said:

"In *Askew* v. *Askew,* 49 Miss. 301, a suit commenced in the justice's court was dismissed in the circuit court, upon the testimony of the agent of the plaintiff, who had instituted the action, that the value of the property sued for was two hundred dollars, and this action of the circuit court was approved here. This decision evidently proceeded upon the idea that the plaintiff, knowing that the value of the property was in excess of the jurisdiction, had reduced his demand, in evasion of the constitutional limitations."

Again in the same case the court said: "The rule must be similar in the justice's court, and in appeals therefrom to the circuit court; that is to say, if the sum demanded is within the jurisdiction, the suit will not be defeated because a greater sum is found due, unless there was a purpose, by a reduction of the demand, to perpetrate a fraud on the court. . . . The amount in controversy is the standard of the jurisdiction; and the sum demanded must be accepted as the amount in controversy, unless it has been purposely magnified or diminished. No other rule than this is practicable."

The judgment of the court below is therefore affirmed.

*Affirmed.*