## S. S. HUDEBURGH v. THE STATE OF TEXAS.

Defendant was tried before a justice of the peace, and convicted of a violation of the law regulating the carrying of fire-arms.   The judgment of the court was that he " deliver to this court the pistol which he was in this case convicted of carrying, and that the sheriff hold said defendant in custody until this judgment is complied with."   *Held*, such judgment was without authority of law and void.

APPEAL from Angelina.   Tried below before the Hon. L. W. Cooper.

The facts appear in the opinion.

*Sam. A. Wilson*, for appellant.

*Attorney-General*, for the State.

McADOO, J.—The appellant was brought before a justice of the peace on a charge of carrying a pistol on or about his person.   He was convicted of the charge, and the justice entered the following judgment in the case: "It is ordered by the court, that the defendant, S. S.

Hudeburgh, pay to the State of Texas the sum of twenty-five dollars, and all the costs of this suit. It is further ordered, that said defendant, S. S. Hudeburgh, deliver to this court the pistol which he was in this case convicted of carrying, and that the sheriff of Angelina county hold said defendant in custody till the judgment is complied with on the part of said S. S. Hudeburgh.''

Hudeburgh appeared before the District Court on *habeas corpus*, and on a hearing was remanded to the custody of the sheriff, ''it appearing, to the satisfaction of the court, that the defendant is not illegally restrained of his liberty.''

From this judgment an appeal was prosecuted to this court.

It appears from the evidence that the appellant was in the custody of the sheriff under and by virtue of the judgment of the justice's court quoted above; and that the pistol, for the carrying of which he had been convicted, was never at any time in the hands of the officers of the law, nor was it at any time under or in view of the court or any of the officers of the law.

The judgment of the District Court was erroneous. It practically remanded the appellant into the custody of the sheriff until the whole of the judgment of the justice's court was complied with. A part of that judgment was a nullity—that which related to the delivery into court of the pistol.

There is certainly nothing in the criminal law of this State which authorizes such a judgment. There is no power under the law to imprison any person until he produce into court even stolen property.

The proper judgment of the court below would have been that the prisoner be remanded into the custody of the sheriff until the fine and costs be paid, and that he then be discharged.

This case is reversed and remanded, with direction that the court below dispose of it in accordance with this opinion.

REVERSED AND REMANDED.