PECOS & NORTH TEXAS RAILWAY COMPANY ET AL. V. CANYON COAL COMPANY.

No. 1928.    Decided May 26, 1909.

1.—Jurisdiction—Amount in Controversy—Pleading.

When the amount to which plaintiff appears from his allegations to be entitled is a fixed sum and is beyond that which the law has empowered the court to adjudicate the plaintiff can not give the court jurisdiction by a fictitious credit, as by naming a less amount as the damages claimed. (P. 481.)

2.—Same—Case Stated.

Plaintiff sued in Justice Court for the value of coal converted by defendant, amounting, under his allegations of quantity and value to $253.50, but prayed for damages and interest in all not to exceed $199.50. On appeal by defendant from a recovery the County Court had no jurisdiction because the Justice Court had none, and should reverse and dismiss the suit. (Pp. 479-481.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Randall County.

*Madden & Truelove* and *Ben H. Stone,* for appellant.

*J. C. Hunt,* for appellee.

Mr. Justice Brown delivered the opinion of the court.

Certified question from the Court of Civil Appeals, Second District, as follows:

"The above styled and numbered cause is now pending before us on appeal from the County Court of Randall County, and we have been met with the suggestion that the appeal should be dismissed because of a want of jurisdiction in the County Court, and we deem it advisable to certify the question so suggested to your Honors for determination.

"The suit was instituted by appellee in the Justice's Court of Precinct No. 1, Randall County, and designated as appears from the transcript of the justice of the peace as a "suit in the justice's court for $199.50," appellee's demand in the Justice's Court not otherwise appearing. The trial in the Justice's Court resulted in a verdict and judgment for appellee in the sum of $185.50, from which an appeal was duly taken to the County Court. In the County Court appellee filed his first original amended petition, reciting that it was presented "in lieu of the one filed herein on the 23d day of June, 1907, Justice's Court Precinct No. 1," which original petition, however, has not been made part of the record. As appears in the amended petition so filed in the County Court, appellee sued for the conversion of seven cars of coal purchased for account of appellee at a point in Colorado and delivered to and accepted by appellants for transportation to appellee at Canyon City, Texas. In the body of the petition it was specifically alleged that there was one hundred and sixty-nine tons of the coal so converted, and that the net loss to appellee resulting from the conversion was $1.50 per ton. A further item of $19.50 was also set out in the petition as a sum necessarily paid by appellee for coal more than would have been necessary for certain other specified coal that appellee had caused to be shipped which appellants failed to deliver. It will be observed that appellee's loss as thus stated in the body of his amended petition is in excess of two hundred dollars. The petition, however, concludes with the following prayer: "Wherefore this plaintiff prays for judgment for the amount sued for, and interest at 6 percent per annum, in all not to exceed $199.50, for cost of suit and all relief, both general and special;" and the judgment in the County Court was in appellee's favor for the sum of $199.50, as prayed for.

"Appellant insists that the jurisdiction of the County Court in the case before us is to be determined by the facts stated in the body of the petition, and that the demand can not be limited by its prayer so as to bring appellee's claim within the County Court's jurisdiction on appeal, and the case of Times Publishing Co. v. Hill, in the 36th Texas Civ. App. Reports, p. 389, is cited in support of this contention, to which we will add for the consideration of Your Honors the cases of Burke & Aitcheson v. Adoue & Lobit, 3 Texas Civ. App., 494; Askew v. Askew, 49 Miss., 301; Bower v. McCormick, 73 Pa. St., p. 427.

"The foregoing cases, however, seem to be in conflict with one of our own, viz., the case of J. A. Kemp Gro. Co. v. J. A. Cassels, appealed from the County Court of Montague County and decided by us October 14, 1899, and in which Your Honors dismissed an application for writ of error for want of jurisdiction on the 8th day of January, 1900. In the case last referred to the plaintiff Cassels sought to recover in the County Court as damages the difference between two inventories of a lot of merchandise shown by the allegations of his petition and by exhibits attached thereto to exceed the sum of one thousand dollars, the recovery being sought upon a written contract to pay the plaintiff the difference between such inventories, but the petition concluded with the following prayer: "That upon final trial herein he have judgment for the value of his said goods with legal interest thereon from the first day of February, 1897, in the sum of one thousand dollars, hereby waiving and remitting the excess over said amount of one thousand dollars, for all costs of suit, and for general relief, as in duty bound will ever pray." The point was there made, as here, that the facts stated in the body of the petition showed the County Court to be without jurisdiction, but we held in an unpublished opinion that the specific limitation of the prayer would control the more general allegations in the body of the petition, and that considering the petition as a whole plaintiff stated a demand within the jurisdiction of the County Court. We proceeded upon the theory that the plaintiff on the whole in no event could recover more than the amount to which he had so limited himself, and that we were not required, in testing the jurisdiction of the court, to go to the body of the petition and ascertain by computation the fact insisted upon that from the allegations made the damage was in excess of the court's jurisdiction. As perhaps sustaining this view, to which we are yet inclined to adhere, we cite the following authorities:~ U. S. v. Reyburn, 6 Peters, 352 (U. S. S. C. Rep., L. Ed. Book 8, p. 424); Alexander v. Thompson, 38 Texas, 535; Henigan v. Erwin, 47 Pac., 457; 2 Cyc., p. 556, and authorities of the same trend cited by the court in the decision in the case of Times Publishing Co. v. Hill, 36 Texas Civ. App., 389, urged by appellants and hereinbefore cited.

"In view of the conflict and state of authorities thus shown, we deem it advisable, as before stated, to certify to Your Honors for determination the question whether under the averments of appellee's amended petition the County Court of Randall County has appellate jurisdiction of appellee's demand. In other words, do the facts stated in the body of appellee's petition oust the jurisdiction of the County Court, notwithstanding the special limitation of his prayer?"

The County Court of Randall County had no jurisdiction of the subject matter of this suit. The appellate jurisdiction of the County Court could not exceed the jurisdiction of the Justice Court from which the appeal was taken, which, by article 5, section 19, of the Constitution, is prescribed to be: ". . . in civil matters of all cases where the amount in controversy is two hundred dollars or less, exclusive of interest."

From the statement which accompanies the certified question we conclude that the cause of action set up in the amended petition filed in the County Court was the same as that set up in the Justice's Court, which was that the defendant railroad company failed to deliver to the plaintiff 169 tons of coal, the damages claimed being $1.50 per ton, making in the aggregate the sum of $253.50, of which, however, the plaintiff only sought to recover $199.50. The amount in controversy in this case was the sum of $253.50 and of that sum the Justice Court had no jurisdiction. After the suit was instituted the plaintiff could not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the Justice Court. Burk v. Adoue, 3 Texas Civ. App., 494; Times Publishing Co. v. Hill, 36 Texas Civ. App., 389.

In Burk v. Adoue the court said: "When the amount to which the plaintiff appears from his allegations to be entitled is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the purpose of giving jurisdiction." This is a clear and accurate statement of the law applicable to the facts of this case.

The defendant had a right to have the issue involved in the case tried in a court of competent jurisdiction and he can not be deprived of that right by an act of his opponent to which he does not consent.

We do not wish to be understood as holding that a judgment entered under such circumstances would be a nullity and subject to collateral attack or that proceedings had under such a judgment would confer no title. This opinion is limited to the case made by the facts certified.

The Court of Civil Appeals has jurisdiction to decide upon the validity of the judgment rendered and to dispose of it. We would respectfully suggest to that Honorable Court that to prevent further complications in such cases we believe the better plan would be to reverse the judgment rendered by the County Court and dismiss the case rather than to dismiss the appeal from the Court of Civil Appeals.