ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. BERRY & SLAUTER.

(No. 7359.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915. Rehearing Denied July 3, 1915.)

1. APPEAL AND ERROR &#8658;758—ASSIGNMENTS OF ERROR—NECESSITY — JURISDICTION OF TRIAL COURT.

Question of the trial court's jurisdiction is fundamental and reviewable, though no assignment of error in reference thereto is presented in appellant's brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3093; Dec. Dig. &#8658;758.]

2. JUSTICES OF THE PEACE &#8658;141—JURISDICTION OF COUNTY COURT ON APPEAL.

The appellate jurisdiction of the county court cannot exceed the jurisdiction of the justice's court from which the appeal was taken.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. &#8658;141.]

3. JUSTICES OF THE PEACE &#8658;145—JURISDICTION OF COUNTY COURT ON APPEAL.

Where the petition filed in the county court on appeal from a justice's court showed facts authorizing a recovery in excess of $200, plaintiff to confer jurisdiction could not remit any part of his demand and thereby reduce the same to a sum within the jurisdiction of the justice's court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 479–489; Dec. Dig. &#8658;145.]

4. JUSTICES OF THE PEACE &#8658;141—APPEAL—JURISDICTION.

Where a justice's court did not have jurisdiction of the cause of action the county court on appeal acquired no jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. &#8658;141.]

Appeal from Navarro County Court; R. R. Owen, Judge.

Action by Berry & Slauter against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Reversed, and cause dismissed.

E. B. Perkins and D. Upthegrove, both of Dallas, and R. S. Neblett and Gordon Damon, both of Corsicana, for appellant. Richard Mays, of Corsicana, for appellees.

RAINEY, C. J. This is an appeal from a judgment rendered by the county court of Navarro county for $200 against appellant. The suit was instituted in the justice court by appellees to recover damages caused to a shipment of cattle by alleged negligence of appellant in delaying transportation of said cattle from Dawson, Navarro county, Tex., to East St. Louis, Ill. A judgment was rendered for appellee in the justice court and an appeal taken to the county court, where a similar judgment was rendered, from which an appeal was taken to this court.

The appellant called our attention by argument to the lack of jurisdiction to render judgment in appellee's cause of action in the courts below, the amount being excessive, as shown on the face of the record.

The transcript from the justice court shows the following entry: "Suit for damages for $192.65." This is the only entry in said transcript which in any way refers to the amount of appellee's claim for damages. In the county court appellee filed a petition in said cause, and stated his cause of action thus:

"Plaintiffs further allege that, because of the negligence of defendant, and the violation of its said contract, plaintiffs sustained injury and damage, as is now more particularly specified: That because of said 24 hours delay in placing said cattle upon the market they sustained a loss and average shrinkage of 30 pounds per head, and the aggregate loss upon said 95 head of cattle was 2,850 pounds, the reasonable market value of which was $5.70 per cwt., amounting to $162.45. Plaintiffs further allege that, as a result of the shrinkage in the weight of said cattle, their appearance and attractiveness to buyers upon the market was further depreciated, and they sustained a damage of 10 cents per cwt. That the average weight of said 95 head of cattle was 1,007 pounds, and that said cattle were thereby further damaged in the sum of $1 per head, in addition to the damage caused by shrinkage in weight. Plaintiffs further show that during said delay in the transportation of said cattle extra feed necessarily had to be given to said cattle, which amounted to the further sum of $17. Plaintiffs further show that, while it appears that the damage sustained by them amounted to more than $200, yet they now and hereby remit all damages in excess of $200"—

and prays for judgment for their damages in the sum of $200, with interest and costs. The aggregate amount claimed in damages shown to have been sustained as by the petition in the county court is $274.45.

A verdict was rendered in accordance with the prayer, and judgment rendered accordingly by the county court.

[1-3] The question of jurisdiction having been called to our attention we feel bound to take notice thereof, although appellants in their brief present no assignment of error in reference thereto, it being fundamental.

---

&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case of Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294, is decisive of this question, where the court says:

"The county court of Randall county had no jurisdiction of the subject-matter of this suit. The appellate jurisdiction of the county court could not exceed the jurisdiction of the justice court from which the appeal was taken, which, by article 5, section 19, of the Constitution, is prescribed to be: ' * * * in civil matters or all cases where the amount in controversy is two hundred dollars or less, exclusive of interest.' From the statement which accompanies the certified question we conclude that the cause of action set up in the amended petition filed in the county court was the same as that set up in the justice's court, which was that the defendant railroad company failed to deliver to the plaintiff 169 tons of coal, the damages claimed being $1.50 per ton, making in the aggregate the sum of $253.50, of which, however, the plaintiff only sought to recover $199.50. The amount in controversy in this case was the sum of $253.50 and of that sum the justice court had no jurisdiction. After the suit was instituted the plaintiff could not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the justice court. Burke v. Adoue, 3 Tex. Civ. App. 494 [22 S. W. 824, 23 S. W. 91]; Times Publishing Co. v. Hill, 36 Tex. Civ. App. 389 [81 S. W. 806].

"In Burke v. Adoue the court said: 'When the amount to which the plaintiff appears from his allegations to be entitled is a fixed sum, and is beyond that which the law has empowered the court to adjudicate, the plaintiff should not be permitted to enter a fictitious credit for the purpose of giving jurisdiction.' This is a clear and accurate statement of the law applicable to the facts of this case.

"The defendant had a right to have the issue involved in the case tried in a court of competent jurisdiction and he cannot be deprived of that right by an act of his opponent to which he does not consent."

[4] The justice court not having jurisdiction of appellee's cause of action the county court had none, and it becomes the duty of this court to reverse the judgment of the county court, and dismiss the case, and it is so ordered.