HOUSTON & T. C. RY. CO. v. LEWIS.
(No. 7458.)

(Court of Civil Appeals of Texas. Dallas. April 15, 1916.)

1. DAMAGES ☞113—PERSONAL PROPERTY.
　　When personal property is damaged or partially destroyed, or impaired in value, the measure of damages is ordinarily the difference between its value before the injury and immediately thereafter, together with any reasonable expenses incurred and the value of any time spent in reasonable efforts to preserve or restore the property.
　　[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ☞113.]

2. DAMAGES ☞113—PERSONAL PROPERTY.
　　The fundamental and controlling principle as to damages allowable for injury to personal property is that the injured party shall have actual pecuniary compensation for the injury received, so that he may be placed as near as may be in the condition which he would have occupied but for the injury.
　　[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 90, 91, 279, 280; Dec. Dig. ☞113.]

3. CARRIERS ☞135 — CARRIAGE OF GOODS — DAMAGES.
　　In a suit for damages to $1,000 bushels of shipped corn, it is error to allow recovery of damages, although actually suffered, of 18½ cents on every bushel, where plaintiff admitted that after the shipment his customer accepted and paid for 367½ bushels at the full price agreed, although the customer claimed damages, but plaintiff does not state the amount or whether it was paid.
　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603½–604½; Dec. Dig. ☞135.]

4. JUDGMENT ☞256(1)—ON TRIAL—CONFORMITY TO VERDICT.
　　The verdict of the jury on all issues of fact constitutes the sole basis for the judgment.
　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454; Dec. Dig. ☞256(1).]

5. JUDGMENT ☞256(7) — ON TRIAL — CONFORMITY TO VERDICT—INTEREST.
　　It is error to award a successful suitor interest upon the amount of his recovery where the issue of interest was not submitted to or determined by the jury.
　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 453; Dec. Dig. ☞256(7).]

6. APPEAL AND ERROR ☞185(1)—JURISDICTION—NECESSITY OF OBJECTING IN LOWER COURT TO JURISDICTION.
　　Jurisdiction of county court may be made an issue for the first time on appeal in the Court of Civil Appeals.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1166–1168, 1170–1176; Dec. Dig. ☞185(1).]

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. JUSTICES OF THE PEACE ⊛⇒141(4)—APPELLATE JURISDICTION OF COUNTY COURT.

The appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court in appeals from the latter.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 473; Dec. Dig. ⊛⇒141(4).]

8. DAMAGES ⊛⇒68—INTEREST.

In a suit for damages to personal property, interest is not recoverable eo nomine, but as damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143; Dec. Dig. ⊛⇒68.]

9. COURTS ⊛⇒169(4)—LIMITED JURISDICTION—AMOUNT INVOLVED.

Where interest from the time of accrual is claimed as damages, to ascertain whether the amount sued for does not exceed the jurisdiction of the trial court there must be added to the amount sued for the interest calculated to the time of filing the pleading.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 419, 420, 429–436; Dec. Dig. ⊛⇒169(4).]

10. JUSTICES OF THE PEACE ⊛⇒188(3)—COUNTY COURT'S APPELLATE JURISDICTION.

Where a case was removed from justice court to county court for trial de novo, and there the petition was amended and recovery of an amount and interest thereon which totaled $214.88 was asked, held the county court was without jurisdiction to render a judgment for any amount over $200.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 724; Dec. Dig. ⊛⇒188(3).]

11. EVIDENCE ⊛⇒552—EXAMINATION OF EXPERTS—HYPOTHETICAL QUESTIONS.

If witnesses as to difference in market value of corn before and after the injury are experts, they may give their opinions upon hypothetical questions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2368; Dec. Dig. ⊛⇒552.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by A. S. Lewis against the Houston & Texas Central Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Baker, Botts, Parker & Garwood, of Houston, and Smith, Robertson & Robertson and Paul A. McDermott, all of Dallas, for appellant. W. G. Miller and Short & Field, all of Dallas, for appellee.

RASBURY, J. This suit was commenced in justice court against appellant and other carriers to recover damages for injuries to a shipment of corn. By the pleadings in justice court a general charge of negligence in transportation and resulting damages in the sum of $158.22 was charged, for which amount there was recovery against appellant. On appeal to the county court appellee amended his pleadings twice, but, since it will be necessary to specifically consider the amendments in discussing the issues, further statement of the pleading is unnecessary at this juncture. The case was submitted to a jury upon special issues of fact, and the findings of the jury which are supported by the

evidence are, in substance, that appellee delivered to appellant 1,000 bushels of corn in good condition of the then market value of 18½ cents per bushel for transportation and delivery to appellee's customer Brogdon at Bryan, which consignment appellant accepted, that appellant was 14 days in transporting the shipment to destination, which was an unreasonable time, and that, due to such delay, the corn when delivered was in a damaged condition, and that the difference in value of the corn in the condition in which it would have arrived had it been transported within a reasonable time and the condition in which it was delivered was 18½ cents per bushel. Upon such findings the court awarded judgment for appellee for $215.65, of which sum $185 was for damage to the corn, the remainder for interest. From such judgment, this appeal was taken.

[1-3] The first assignment, in effect, is that the judgment is excessive, because the undisputed evidence shows that appellee's loss was upon only 632½ bushels of corn, and not upon the entire 1,000 bushels. This assignment must be sustained. According to appellee, he shipped 1,000 bushels of corn to Brogdon, and according to all of the testimony and the findings of the jury the entire 1,000 bushels were damaged, the extent of the damage being 18½ cents per bushel, which would, in the absence of other facts, entitle appellee to $185, the amount allowed by the trial judge on the jury's findings. However, according to appellee's admissions, Brogdon retained 367½ bushels of the corn, and paid appellee the market or agreed price of 88½ cents per bushel, which reduced appellee's loss to 18½ cents on 632½ bushels, or $117.01. Appellee does state that Brogdon claimed damages on the amount he retained. He did not, however, testify the amount claimed or whether the claim was paid. If any amount was paid to Brogdon, appellee knew it and would undoubtedly have claimed it. The general rule is that, when personal property is damaged or partially destroyed or impaired in value, the measure of damages is ordinarily the difference between its value before the injury and immediately thereafter, together with any reasonable expense incurred and the value of any time spent in reasonable efforts to preserve or restore the property. T. & P. Ry. Co. v. Levi, 59 Tex. 674; Arbuckle Bros. v. Everybody's Gin & Mill Co., 148 S. W. 1136. While the foregoing are correct and general rules, it is also true that the fundamental and controlling principle is that the injured party shall have actual pecuniary compensation for the injury received, so that he may be placed as near as may be in the condition which he would have occupied but for the injury sought to be redressed. Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; St. Louis & S. F. Ry. Co. v. McDurmitt Grain Co., 87 S. W. 355. Thus, while it appears from the evidence that the

entire 1,000 bushels were damaged, it also appears that appellee was able to dispose of a portion of the damaged corn at its full market value, and to that extent, applying the rule of compensation, his damages were decreased, and he was not therefore entitled to recover on the whole 1,000 bushels.

[4, 5] By the second assignment of error it is urged that the court erred in awarding appellee interest upon the amount of his recovery, on the ground that the issue of interest was not submitted to the jury. This assignment must also be sustained. Appellee did seek the recovery of interest by his pleadings, but that issue was not submitted to the jury, and hence no finding by the jury that appellee should recover interest. The court awarded interest on the damages allowed by the jury on the theory, we presume, that the legal rate being fixed by law, and the jury having found the amount of the damage, interest, being a matter of computation, would follow as matter of law. Such view is incorrect, however. No rule is better settled than that the verdict of the jury on all issues of fact constitutes the sole basis for the judgment. Ablowich v. Greenville Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881. It is as well settled that an issue of fact not submitted to the jury cannot be found by the court. Therefore interest, being recoverable in this proceeding only as part of the damages, and never allowed eo nomine, not only must be sought by the pleading, but found by the jury, as any other fact. St. L. S. W. Ry. Co. of Texas v. Addison, 96 Tex. 65, 70 S. W. 200. The cases cited have been uniformly followed, and the citation of further authority will serve no good purpose.

[6-10] Under the third assignment it is urged that the court erred in not sustaining appellant's exception to appellee's second amended original petition, on the ground that said petition disclosed a cause of action which the county court on appeal from the justice court was without jurisdiction to determine, for the reason that the amount in controversy was more than was originally cognizable in the justice court. An inspection of the bill of exceptions reserving the objections to the action of the court hardly raises the question of jurisdiction, but, since it has been uniformly held that jurisdiction may be made an issue for the first time in this court, we will consider the issue as presented in the brief. Appellee commenced his suit in justice court April 17, 1913, and his pleadings were, in substance, that on February 14, 1912, at St. Joseph, Mo., he delivered to appellant for transportation to Bryan, Tex., a car of corn of the probable value of $750, which appellant, by negligent delay in transporting, damaged $158.22, for which sum he prayed judgment, with interest. Upon trial appellee recovered judgment for $158.22, with interest thereon from entry of judgment. Appellant removed the case to the county court for trial de novo. In that court on June 3, 1914, appellee amended, but in substance repeated, the allegations and prayer of the petition originally filed in the justice court. On December 2, 1914, appellee again amended, and in substance alleged that he delivered the car of corn to appellant February 27, 1912, at Dallas, Tex., in good condition for transportation to Bryan, Tex., which in the usual course should have been transported in 48 hours, but which appellant negligently delayed for 24 days, or until March 23d, and as a result of which said car of corn, containing 1,000 bushels, was damaged 18½ cents per bushel, or $185, for which amount, with interest, judgment was prayed. The rule in cases appealed from justice court to the county court is that the appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; St. Louis S. W. Ry. Co. of Texas v. Berry & Slauter, 177 S. W. 1187. According to appellee's amended original petition, enlarging his original claim, but not, as argued by counsel for appellant, asserting a new cause of action, the prayer was for $185, with interest. The bare prayer for interest makes it uncertain whether it was intended as a prayer for interest after judgment, as was the case in the judgment in the justice court, or for interest on the amount of the damages from the time of the accrual thereof. However, after trial in the county court contention was for the latter claim, which was allowed. Similar claim is made on appeal, and accordingly we so construe the pleading. As we have said, in a suit for damages to personal property interest is not recoverable eo nomine, but as damages. That being true, in order to ascertain the amount in controversy, to the amount sued for must be added the interest sought to be recovered at the time when claimed. Schulz v. Tessman & Bro., 92 Tex. 488, 49 S. W. 103; Ft. Worth & R. G. Ry. Co. v. Mathews, 169 S. W. 1052. The amount claimed in the amended petition upon which the suit was tried was $185. Interest on that amount at 6 per cent. from the date the cause of action accrued, which was in no event later than March 23, 1912, to the time of filing the pleading on December 2, 1914, is $29.88, and which, added to the sum sued for, totals $214.88, an amount not cognizable in the justice court, and, as a consequence, in excess of the appellate jurisdiction of the county court. Missouri, K. & T. Ry. Co. of Texas v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415. Accordingly we hold that the county court was without authority to render the judgment it did render, and that in cases removed from justice court to county court by appeal the county court may in no event render judgment in such cases as the instant one for an amount not originally cognizable in the court a quo.

[11] The seventh, eighth, and ninth assign-

ments complain of the testimony of as many witnesses who gave their opinions concerning the difference in the market value of the corn in its original good condition and the condition in which it was after it had germinated as result of heating. If these witnesses were experts, they could give their opinions upon hypothetical questions as other experts are permitted to do so.

The fourth, fifth, and sixth assignments attack the sufficiency of the evidence to sustain the verdict and judgment, which are unimportant in view of the disposition to be made of the appeal.

For the errors indicated, the judgment is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.