### WELLS FARGO & CO. EXPRESS v. CRITTENDEN. (No. 1654.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 12, 1916.)

1. COURTS ☞121(5) — COURTS OF CIVIL APPEALS—JURISDICTIONAL AMOUNT—INTEREST.

Where interest is allowed upon the claims for damages, it is treated as a part of the damages, and not interest, within the meaning of the statute fixing the jurisdictional limits of the courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 419, 420; Dec. Dig. ☞121(5).]

2. COURTS ☞169(8)—JURISDICTION—AMOUNT—FICTITIOUS CREDIT.

When the amount which the plaintiff is entitled to recover appears from his allegations to be a fixed sum, he will not be permitted to enter a fictitious credit for the sole purpose of giving jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 428–436; Dec. Dig. ☞169(8).]

3. COURTS ☞122—JURISDICTION—AMOUNT IN CONTROVERSY—PETITION.

In determining the amount in controversy in any given case, the court will look to the averments in the body of the petition, and not alone to the prayer for relief.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 427; Dec. Dig. ☞122.]

4. DAMAGES ☞157(4)—RECOVERY—PLEADING.

To recover interest upon an unliquidated claim for damages, interest must be asked for or embraced in the aggregate amount laid as damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 438, 449–451; Dec. Dig. ☞157(4).]

5. APPEAL AND ERROR ☞65 — APPEALABLE JUDGMENTS—JURISDICTIONAL AMOUNT.

In a suit in justice court for damages for the negligent failure to deliver a package of films intended for use in a moving picture show, wherein the petition alleged that in consequence plaintiff was without films and could not get others, to his damage in the sum of $100, and asked for damages, costs of suits, and general relief, without specifically asking for interest, the amount in controversy did not exceed $100, and the judgment of the county court for plaintiff on appeal was final, so that the appeal therefrom would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 315–328; Dec. Dig. ☞65.]

Appeal from Fannin County Court; E. L. Agnew, Special Judge.

Suit by A. Crittenden against the Wells Fargo & Company Express. Judgment in county court, affirming judgment in justice's court for plaintiff, and defendant appeals. Dismissed.

Thos. P. Steger, of Bonham, and Baker, Botts, Parker & Garwood, of Houston, for appellant. J. W. Gross, of Bonham, for appellee.

HODGES, J. In September, 1914, the appellee filed this suit in the justice court of Fannin county against the appellant, seeking a recovery of damages for failure to promptly transport and deliver a package of films intended for use in a moving picture show. He filed a written original petition, which stated a cause of action for negligence, and recovered judgment for $100 in the justice court, and also in the county court upon appeal. The express company has appealed from that judgment.

The appellee has filed a motion asking that this appeal be dismissed for want of jurisdiction in this court. He contends that neither the judgment nor the amount in controversy exceeds $100, and that under the statute the judgment of the county court is final. The appellant, on the other hand, insists that the pleadings of the appellee were such that the amount for which a judgment might have been rendered in his favor exceeded $100.

The plaintiff's petition, after alleging the facts essential to his cause of action, contains the following:

"That in consequence of defendant's said negligence, as aforesaid, plaintiff was without any films for his moving picture show on said date, and could not get any others, and therefore could not have any show on the afternoon and night of said date. That by reason thereof he was damaged to the amount of $100."

The petition then proceeds to state facts necessary to show that the appellant had reason to expect the consequences which followed, as a result of the failure to deliver the goods promptly. It concludes with the following:

"That the plaintiff reasonably expected to take in and would have taken in from said show on July 4, 1914, the sum of $100. Wherefore plaintiff prays that defendant be cited to answer the petition, and on trial hereof he have judgment for the amount of his damages, costs of suit, and general relief."

In reply to the motion to dismiss the appeal, counsel for appellant contends that upon those pleadings the appellee might have a judgment for interest on the sum of $100 at the rate of 6 per cent. per annum from the date of the injury, and thus the amount put in controversy exceeded the final jurisdiction of the county court.

[1-5] It is generally held that, where interest is allowed upon claims of this character, it is treated as a part of the damages, and not interest, within the meaning of the statute which fixes the jurisdictional limits of the courts. Schulz v. Tessman, 92 Tex. 491, 49 S. W. 1031. It has also been held that, when the amount which the plaintiff is entitled to recover appears from his allegations to be a fixed sum, he will not be permitted to

---

enter a fictitious credit for the sole purpose of giving jurisdiction, and further that in determining the amount in controversy in any given case the court will look to the averments in the body of the petition, and not alone to the prayer for relief. Pecos & N. T. R. R. Co. v. Canyon Coal Co., 102 Tex. 481, 119 S. W. 294; Hoffman v. Loan Ass'n, 85 Tex. 410, 22 S. W. 154. In order to recover interest upon an unliquidated claim for damages, interest must be asked for or embraced in the aggregate amount laid as damages. In the case of Pecos & N. T. R. R. Co. v. Rayzor (Sup.) 172 S. W. 1103, the suit was to recover damages for an injury to a shipment of pianos. After alleging that the plaintiff had been damaged in the sum of $975, and that defendants became justly indebted to him in that sum, the petition concluded as follows:

"Wherefore plaintiff prays that the defendants be cited to answer this petition, and that on trial hereof he have judgment for his said damages in the sum of $975, with legal interest thereon, for costs of suit, and for general relief."

It may be remarked that, if interest had been computed upon the $975 from the date of the injury, the total amount would have exceeded $1,000 and would have effected the jurisdictional question involved. In an opinion by Justice Phillips the Supreme Court said:

"Interest was * * * recoverable in this character of case only as damages. Baker v. Smelser, 88 Tex. 26, 29 S. W. 377 [33 L. R. A. 163]. And if it be true that the prayer is subject necessarily to the construction that recovery of interest upon the $975 was sought as a part of the judgment, as distinct from legal interest upon a judgment for $975, the case would be one where the amount sought to be recovered exceeded the jurisdiction of the court. But is the prayer reasonably subject to only that construction? We think not. It is as readily subject to the construction of a prayer for a judgment for $975, the amount of his alleged damages, with legal interest on the judgment. That is the construction, therefore, which should be applied."

The case of Baker v. Smelser, referred to above, is one upon which counsel for appellant seems to rely as sustaining his view of the law. In that case Chief Justice Gaines said:

"It is apparent from the record before us that the plaintiff must have claimed in his petition $1,000, the value of the goods converted, and additional damages for the conversion, measurable by the interest on that value from the date of the conversion to the time of the trial. If these items are to be treated as interest within the meaning of that term as used in the section of the Constitution from which we have quoted, then the record fails to show that we have jurisdiction."

After discussing that question at some length, it was decided that what was there called "interest'" should be treated only as damages, and not interest, within the meaning of the constitutional provision referred to by the court. It was accordingly held that the amount in controversy in that case exceeded $1,000.

S. A. & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200, is a case in which the Supreme Court enunciated a principal which we think is applicable to the issue before us. The suit was one for damages, in which the plaintiff sought a recovery of $130 for injuries to a shipment of horses. After discussing some other questions involved, the court said:

"In cases of this character interest may be allowed by way of indemnification as a part of the damages, but is never allowed eo nomine, and therefore, in order to recover interest, the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest thereon from that date to the time of the trial. In this case the damages claimed were only $130. The recovery was necessarily limited to that amount."

In that case, as in this, the plaintiff had laid his damages in a certain amount, had not asked specifically for interest on that amount, but only prayed for general relief. Following the rule deducible from the foregoing case, we conclude that the amount in controversy in this case did not exceed $100, and that the judgment of the county court was final.

The appeal will therefore be dismissed.

---

⊛⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.