PENNSYLVANIA RUBBER CO. v. McCLAIN.   (No. 7868.)

(Court of Civil Appeals of Texas. Dallas. Jan. 19, 1918.)

1. MONOPOLIES ⊂⊃17(2)—"CONSPIRACY IN RESTRAINT OF TRADE"—SALE OF GOODS.

An agreement between two persons that one will buy from the other exclusively, or that one will sell to the other exclusively, a given commodity, constitutes a "conspiracy in restraint of trade," within the meaning of Vernon's Sayles' Ann. Civ. St. 1914, art. 7798, subd. 1.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

2. CONTRACTS ⊂⊃138(2) — ILLEGALITY AND RESTRAINT OF TRADE.

In an action and cross-action, where both parties relied upon a contract that is illegal as being a "conspiracy in restraint of trade," neither can recover.

3. APPEAL AND ERROR ⊂⊃909(5)—PRESUMPTION—INTERSTATE COMMERCE.

Where the record does not show that a transaction was interstate commerce, it will be presumed otherwise when questioning the legality of a contract therefor.

Appeal from Ellis County Court; W. M. Tidwell, Judge.

Action by the Pennsylvania Rubber Company against W. G. McClain. From a judgment for plaintiff, and for defendant on cross-action, plaintiff appeals. Reversed and dismissed.

S. E. Dawson and J. C. Lumpkins, both of Waxahachie, for appellant. Robert L. Sullivan, of Waxahachie, for appellee.

TALBOT, J. The appellant sued the appellee in the justice court of precinct No. 1 of Ellis county upon an account for $183.45. The appellee answered by general demurrer and general denial. Appellee also, by way of reconvention or cross-action against appellant, alleged in substance that the goods specified in the account sued on by appellant were sold and delivered to appellee upon a contract whereby appellant agreed with appellee that if appellee would buy its goods appellant would not sell to any other person in the city of Waxahachie, and would allow appellee a commission or discount of 17½ per cent. on all goods bought and sold by appellee of appellant's goods under said contract; that if appellant should breach said contract and sell any of its goods to any person other than appellee in the city of Waxahachie that appellant would pay appellee the commission of 17½ per cent. on the goods so sold, the same as if he (appellee) had sold them; that appellant breached said contract by selling its goods to other parties in the city of Waxahachie, and by reason thereof appellee was entitled to recover of appellant "approximately $120." Appellee further alleged that he had been damaged as a result of the breach of the contract entered into between him and the appellant, in addition to the loss of the commissions agreed to be paid him in the event of such breach, in the loss of profits he would have made had said contract been faithfully kept and performed by appellant, amounting to $80. In the trial in the justice court appellant was allowed the amount of its account, $183.45, and the appellee $100 of the amount claimed in his plea of reconvention. Judgment was therefore rendered in favor of the appellant in that court for the sum of $83.45. From this judgment appellant appealed to the county court. In the county court special exceptions were sustained to appellee's plea in reconvention, and he amended. In this amended plea he alleged, substantially, as in his original plea of reconvention, that the goods mentioned in the account sued on by appellant were sold and delivered to him under the contract set forth in his pleadings filed in the justice court as has been stated, but specifically averred that:

"From the 31st day of August, 1915, to about the 28th day of October, 1915, plaintiff [appellant here] sold $809.06 worth of automobile casings and tubes to the W. B. Jackson Motorcar Company in Waxahachie, Tex., and that defendant [appellee here] is entitled to and that the plaintiff is indebted to defendant in the sum of $141.59, the same being 17½ per cent. commission on the amount of goods described, sold

by plaintiff to the W. B. Jackson Motorcar Company."

In this amended plea appellee alleged that the amount of damages sustained by him in the loss of profits as a result of the breach of the contract entered into between him and appellant was $52. Thus by his amended pleading filed in the county court he claimed that by reason of the breach of the contract set up he had lost by way of commissions agreed to be paid him $141.59 instead of "approximately $120," claimed in the justice court, and $52 for loss of profits instead of $80, claimed in that court. Upon the coming in of this amended plea of reconvention the appellant filed a motion to dismiss the appeal, insisting as a reason therefor that it appeared from said plea that the cause of action declared on exceeded the jurisdiction of the justice court, and hence the county court had no jurisdiction. The appellant also excepted to and moved to strike out appellee's cross-action or plea in reconvention on the ground that it appeared that the contract upon which it was based constituted a "conspiracy in restraint of trade," within the meaning of subdivision 1 of article 7798 of our anti-trust statute. Both the plea to the jurisdiction of the court and the motion to strike out the appellee's answer for the reason stated were overruled, the case tried upon its merits without a jury, the appellant allowed the amount of its account of $183.45, the appellee allowed his claim of $141.58, and judgment rendered in favor of appellant for $41.87. From the judgment so rendered the appellant appealed to this court and assigns as error the rulings of the trial court in overruling its plea to the jurisdiction of the county court and motion to strike out the appellee's plea in reconvention.

[1] The question raised in reference to the jurisdiction of the county court to hear and determine appellee's cross-action or plea in reconvention is, perhaps, not free from difficulty, but we do not regard it absolutely necessary to decide it. The justice court unquestionably had jurisdiction of the amount of the account sued on by the appellant, and as the contract upon which that account is based bound the appellant, according to its contention, the undisputed evidence and findings of the trial court, not to sell any of its goods and wares of the character furnished and sold to appellee and described in said account to any other person in the city of Waxahachie, Tex., where appellee was engaged in business, no recovery could be had upon it, and both the appellant's suit and the appellee's plea in reconvention should have been dismissed. Manifestly, it was the purpose of the contract to give to appellee the exclusive right to handle and sell appellant's goods in the city of Waxahachie, and such a contract is denounced and prohibited by the statute to which we have referred. By this statute any combination in restraint

of trade is unlawful, and courts should instantly refuse to recognize and give effect to such a combination whenever in the course of a legal proceeding growing out of the same such appears to be its character. The statute in question expressly declares that an agreement or understanding between two persons that one of them will buy from the other exclusively a given commodity, or that one of them will sell exclusively to the other a given commodity, constitutes a conspiracy in restraint of trade. An agreement to do either or both has the effect to prevent competition, and falls within the condemnation of the statute. Wood v. Texas Ice & Cold Storage Co., 171 S. W. 497; Star Mill & Elevator Co. v. Ft. Worth Grain & Elevator Co., 146 S. W. 604; Jersey-Creme Co. v. McDaniel Bros., 152 S. W. 1187.

[2, 3] The contract upon which the asserted rights of both the appellant and appellee being illegal and nonenforceable by either party to it for the reason stated, the judgment of the court below is reversed, and the suit of the appellant, as well as the cross-action or plea in reconvention of the appellee, is dismissed. Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Troy Buggy Works Co. v. Fife & Miller, 74 S. W. 956; Gus Feist Co. v. Albertype Co., 109 S. W. 1139. The record does not show that the transaction involved is interstate commerce.