WEST et al. v. McMAHON.   (No. 6153.)

(Court of Civil Appeals of Texas.   San Antonio.
Jan. 29, 1919.)

JUSTICES OF THE PEACE ☞174(12)—APPEAL TO COUNTY COURT — INCREASING AMOUNT OF CROSS-ACTION.

Where defendant filed cross-action in justice court for $200, he could not, on appeal to county court, increase amount of his cross-action to $500, as appellate jurisdiction cannot exceed in amount jurisdiction of justice court.

Appeal from Live Oak County Court;¹ W. W. Caves, Judge.

Suit by Duval West and another, receivers of the San Antonio, Uvalde & Gulf Railroad Company, against O. McMahon, wherein defendant filed a cross-action. From a judgment for plaintiffs, and against defendant on his cross-action, defendant appealed to the county court; and from a judgment there for defendant against plaintiffs on the cross-action, and against plaintiffs and for defendant on plaintiffs' cause of action, plaintiffs appeal. Reversed, and cause remanded.

John D. Hartman and Mason Williams, both of San Antonio, for appellants.

SWEARINGEN, J.   This suit was originally filed in the justice court, precinct No. 1, Live Oak county, Tex., by the appellants against the appellee, to recover $71.25, representing an undercharge on a shipment of 8,000 feet of lumber, and an immigrant's outfit, from Lamarque, Tex., a station on the Missouri, Kansas & Texas Railway Company's line, to Kittie, Tex., a station on the line of the appellants; and at the same time the appellants sued out a writ of sequestration, and took into possession certain property belonging to the appellee, which was then in possession of the appellants, and asked that a lien be established upon the same, and the same, be sold to satisfy said undercharge. The appellee filed a cross-action in

the justice court, asking damages in the sum of $127.50, $2.50 damages to live stock, and $195 damages for suing out the writ of sequestration.

A judgment was obtained by the appellants, for the full amount sued for, in the justice court, and judgment was rendered against the appellee on his cross-action. The appellee then filed in the justice court a pauper's oath, giving notice of appeal to the county court, and the transcript of the justice of the peace court was sent up to the county court. In the county court the appellee filed a cross-action for the sum of $500, $25 of which was for damages to live stock, and $475 for wrongful sequestration. The appellee, in his second amended original answer and cross-action, prayed for judgment against the appellants, as receivers of the San Antonio, Uvalde & Gulf Railroad Company, in the full sum of $500, and that any judgment he might recover be certified by the clerk of the court to the clerk of the federal court, located at San Antonio, Tex.

The appellants excepted to appellee's cross-action, for the reason that it was appealed from the justice court, and in said justice court the appellee set up a cross-action for the sum of $200, and upon appeal to the county court increased his demand to $500, which amount was beyond the jurisdiction of the justice court, and that said cross-action deprived the county court of jurisdiction.

The appellants' exception was overruled, and the court proceeded to the trial of the case, which resulted in a judgment in favor of appellee against the appellants in the sum of $24 damages to live stock, and a judgment against appellants and in favor of appellee upon the appellants' cause of action for undercharge, to which action of the court the appellants excepted and gave notice of appeal.

The only assignment is:

"The court erred in entertaining the defendant's cross-action in the county court, for the reason that the defendant filed a cross-action in the justice court for the sum of $200 and in the county court, upon appeal, increased the amount of his cross-action to $500; that by virtue of the defendant's increasing his demand on his cross-action in the county court, in a sum exceeding the jurisdiction of the justice court, the county court lost jurisdiction."

"The rule in cases appealed from justice court to the county court is that the appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478 [119 S. W. 294]; St. Louis S. W. Ry. Co. of Texas v. Berry & Slaughter, 177 S. W. 1187." Houston & Tex. C. Ry. Co. v. Lewis, 185 S. W. 593. The opinion by Mr. Justice Jenkins in Hegman v. Roberts, 201 S. W. 268, expresses disfavor

with the rule above announced. The assignment is sustained.

The judgment is reversed, and the cause remanded.