**WISCHKAEMPER et al. v. ALLEN.
(No. 6386.)**

(Court of Civil Appeals of Texas. San Antonio. April 21, 1920. On Motion for Rehearing, May 19, 1920.)

1. **Justices of the peace** &#9901;44(11)—**Plaintiff at trial could not admit credit owing defendant to bring controversy within jurisdiction.**

Plaintiff could not on day of trial admit credit of $40 owing defendant on another transaction than that involving particular mare sued for, in order to bring controversy within jurisdiction of justice's court, there being no pleading or suggestion on institution of suit or at any time before trial when admission was made of partial payment, or that plaintiff would admit a credit to bring case within jurisdiction.

**On Motion for Rehearing.**

2. **Appeal and error** &#9901;835(3)—**Copy of answer attached to motion for rehearing not part of record, and cannot be considered.**

A certified copy of the answer attached to the motion for rehearing cannot be considered, where it is no part of the record before the Court of Civil Appeals.

Appeal from Victoria County Court; J. P. Pool, Judge.

Suit by Perry Allen against Paul Wischkaemper and others. From judgment for plaintiff, defendants appeal. Reversed, and case dismissed.

W. E. Wilson, of Victoria, and Sam C. Lackey and H. W. Wallace, both of Cuero, for appellants.

R. L. Daniel and J. J. Woodhouse, both of Victoria, for appellee.

COBBS, J. This suit originated in the justice's court of precinct No. 1 of Victoria county, filed on the 5th of May, 1919, upon which a trial was had on July 5, 1919, before a jury, and a judgment was rendered in favor of the plaintiff for a sorrel mare sued for and $68.51 as damages. Appellant appealed to the county court of Victoria county, where a trial was had on the 21st day of October, 1919, before a jury, where appellee recovered judgment for the sorrel mare and for $25 cash.

The suit was to recover the value of a sorrel mare, valued at $130 and for $1 per day for services of said animal. By an amended pleading filed on the day of the trial in the justice's court, the plaintiff sought to recover the sum of only 50 cents per day for the use of the mare in lieu of $1, as stated. On the day of the trial in said justice's court, to wit, on July 5th, and after plea to the jurisdiction had been presented, plaintiff admitted he owed defendant $40 for another mare, purchased about November, 1918.

We think this whole case may be disposed of by the admission of appellee contained in his brief:

"It therefore follows that on May 5, 1919, the date the suit was filed, the plaintiff was asking for $130, the value of the animal, plus the value of her hire from the 1st day of February, which was 93 days including Sundays, or 80 days excluding Sundays, or 76 days excluding Sundays and four holidays. The plaintiff admitted that he was indebted to the defendants for another animal to the amount of $40. Therefore, if we consider the whole 93 days, we would have $46.50, from which the $40 admitted should be deducted, leaving only $6.50 to be added to the $130. On the other hand, considering the matter in the more favorable light for the appellants, if the plaintiff was claiming $93 for the use of the animal, from this should be deducted the $40 indebted to the defendants, which was admitted at the trial, which would leave only $53 to be added to the $130. The appellants, however, make the contention that we should consider the amount in controversy at the time of the trial on July 5th, which he says is 154 days from the time the animal was alleged to have been taken, or

$154 at $1 per day, or $77 at 50 cents per day. From this $77 again we find must be deducted the $40 admitted indebtedness, which leaves only $37 to be added to the $130, the value of the mare sued for. It seems clear, therefore, that the justice's court had jurisdiction at the time the case was tried. We do not admit, however, that the amount in controversy at the day of the trial is the criterion, but really the amount in controversy at the time of the filing of the suit, estimated under the claims set up by the amended pleadings, it seems to us would be the correct rule by which to determine the jurisdiction."

[1] The facts set out above are not only proven in said cause, but seem to be admitted by both parties, one contending that the damages demanded should be measured by the amount claimed at the filing of the suit and the other estimated to the day of the trial. It seems to be perfectly clear from the testimony that the amount in controversy in the justice's court upon July 5, 1919, the day of the trial in that court, was $130 sought to be recovered for the mare and 50 cents per day from February 1, 1919, to July 5, 1919, 154 days, or $77 for the use and withholding of the mare, making a total amount of $207 in controversy. Appellee could not on the day of trial admit the credit of $40 owing on another transaction, so as to bring the controversy within the jurisdiction of the court. There was no pleading or suggestion, at the institution of the suit, or at any time before the trial, when the admission was made, of partial payment, or that the plaintiff would volutarily admit a credit so as to bring the case within the jurisdiction of the justice's court.

It is not necessary for us to discuss here what effect the amendment had in cutting down the amount sued for to 50 cents per day in lieu of $1 per day; it did not then bring the amount as shown within the jurisdiction of the court, for the amendment then made was asking for judgment to date of trial, and not at institution of the suit. This amendment was likewise made at the same time to reduce the judgment of the court.

There are other questions raised in the case, but we do not believe it necessary to discuss any of them, because on the day of the trial in the justice's court the amount sued for was beyond the jurisdiction of the justice's court, and could not be reduced by entering credits to reduce the amount sued for and in controversy on the day of trial, and the judgment of the court cannot stand. This very question has been settled by our Supreme Court in Railway Co. v. Canyon Coal

Co., 102 Tex. 478, 119 S. W. 294. See, also, Turnbow v. Bryant, 107 Tex. 563, 181 S. W. 686; Wells Fargo v. Crittenden, 189 S. W. 296; West v. McMahon, 208 S. W. 674; H. & T. C. Ry. Co. v. Lewis, 185 S. W. 595; St. L., etc., Ry. Co. v. Berry et al., 177 S. W. 1187; Wilson v. Ware, 166 S. W. 705; Burke v. Adoue, 3 Tex. Civ. App. 494, 22 S. W. 824, 23 S. W. 91.

We do not think it necessary to pass upon or discuss the other assignments, for we believe that the justice's court was without jurisdiction to try said cause, and of course the county court had no appellate jurisdiction unless the justice's court had original jurisdiction.

We, therefore, reverse the judgment rendered by the county court, and dismiss the case.

### On Motion for Rehearing.

[2] The plaintiff's cause of action was for $130 and 50 cents per day for 154 days, making $207 sued for by the amended pleading. The $40 pleaded as due defendant was not claimed to be a payment upon the $130, but was an independent debt, and necessarily pleaded as a cross-action. The fact that plaintiff admitted that such cross-action was meritorious would not have the effect of crediting upon his cause of action the sum due upon the cross-action. It was not pleaded as a credit, nor can it now be made a credit upon plaintiff's claim. Gimbel & Son v. Gomprecht & Co., 89 Tex. 499, 35 S. W. 470. If the certified copy of the answer attached to the motion for rehearing could, as stated, be considered, as it cannot be, as it is no part of the record before us, it would not aid appellee, because therein the defendant did not seek to credit $40 on plaintiff's claim, but contended there was due him $51.20, and sought to credit his claim with $50 he admitted to be due plaintiff on a settlement of their respective interests in a crop, and to recover the sum of $1.20 from plaintiff. In said answer he denied that he owed plaintiff the $130 sued for, and if plaintiff could credit on his claim the sum sued for by defendant, the credit would have been $1.20. The claims asserted by the respective parties were not such as operated to extinguish each other until ascertained and applied by a court, and there was no agreement by defendant that he owed plaintiff any sum upon which there could be applied as a credit any sum claimed by him. The amount therefore, of plaintiff's demand was beyond the jurisdiction of the justice's court, and the motion for a rehearing is overruled.