## SWIFT & CO. v. SHORT.    (No. 6745.)

(Court of Civil Appeals of Texas.    San Antonio.    April 26, 1922.)

Partnership ⊚⟶218(3)—Instructed verdict for defendant sued for goods sold held error, where testimony tended to show he was member of a firm which bought the goods.

Where, in an action for goods sold a partnership, there was testimony tending to show defendant was a member and that the firm bought the goods, the court erred in instructing a verdict for defendant.

Appeal from Comanche County Court; F. J. Reese, Judge.

Action by Swift & Co., against R. E. Short. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Y. W. Holmes, of Comanche, for appellant. A. E. Hampton, of De Leon, and Merton L. Harris, of Smithville, for appellee.

FLY, C. J. This is a suit on an open account for $211.59, alleged to be due by appellee to appellant for certain meats and groceries furnished by appellant to appellee as a member of the partnership of Harmon & Short. It was alleged that the residence of Harmon was unknown and that he was utterly insolvent. Judgment was sought against appellee as a member of the firm. Appellee denied that he had ever been a partner with Harmon. After hearing the testimony, the court instructed a verdict for appellee.

There was testimony tending to show that appellee was a member of the firm of Harmon & Short, and that the firm bought the goods from appellant. The court therefore erred in taking the case from the jury. In view of another trial, we will not discuss the facts, which raised issues that should have gone to the jury.

The judgment is reversed, and the cause remanded.

---

## THORP v. COOK.    (No. 1336.)

(Court of Civil Appeals of Texas.    El Paso.    April 27, 1922.)

Justices of the peace ⊚⟶141(4)—Appellate jurisdiction of county court on appeal from justice court cannot exceed his jurisdictional amount.

The appellate jurisdiction of the county court in cases appealed from the justice court cannot exceed in amount the jurisdiction of the justice court, so that a cross-action alleged by defendant in the county court for damages in the sum of $800 is beyond the jurisdiction of the county court.

Appeal from Stephens County Court; J. W. Darden, Judge.

Suit by A. L. Thorp against T. J. Cook. Judgment for defendant on his cross-action in the county court after appeal from a judgment of the justice of the peace, and plaintiff appeals. Reversed and remanded.

E. D. Gatlin, of Breckenridge, for appellant.

Barker & Barker, of Cisco, for appellee.

HARPER, C. J. A. L. Thorp brought this suit against T. J. Cook in justice court for debt in the sum of $140. Judgment was there rendered for plaintiff for $135, and defendant appealed to the county court. In the latter court both filed their pleadings in writing, plaintiff sets up the same cause of action, and defendant pleaded payment and set up cross-action for wrongful levy of attachment on a Ford truck. Loss of its use, $120, in hiring teams. For the rental value of the truck, $500. Alleged its value to be $400 and exemplary damages, $300, for wrongful and malicious levy of writ. Judgment was rendered that plaintiff take nothing, and that defendant recover upon his cross-action possession of the Ford truck, and for $168 and costs.

The only assignment is:

"It is apparent from the record that the county court had no jurisdiction of defendant's cross-action, for the reason that the defendant filed in the county court, upon appeal from the justice court, his cross-action for damages in the sum of $800; that by virtue of defendant's demand on his cross-action in the county court being in excess of the jurisdiction of the justice's court, the county court lost jurisdiction."

The rule in cases appealed from the justice court is that the appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court. West et al. v. McMahon (Tex. Civ. App.) 208 S. W. 674.

The judgment is reversed, and the cause remanded.