## BOYLE v. GRUBBS.  (No. 8595.)

(Court of Civil Appeals of Texas.  Galveston.
Dec. 19, 1924.  Rehearing Denied
Jan. 8, 1925.)

1. Appeal and error ⊜⟞56—In possessory action judgment not exceeding $100 in county court is conclusive, under statute.

In possessory action under forcible entry and detainer statute (Vernon's Sayles' Ann. Civ. St. 1914, arts. 3940–3964), on appeal and trial de novo in county court, judgment for $100 was conclusive, and no appeal allowable under article 3962, although it appeared from pleading that full extent of plaintiff's claim was $140.

2. Appeal and error ⊜⟞58—Judgment for $100 and interest is not for more than $100 under statutory limitation.

In possessory action, judgment for $100 and interest thereon at 6 per cent. is not for an amount in excess of $100 under. Vernon's Sayles' Ann. Civ. St. 1914, art. 3962, making such judgment in county court not exceeding that amount conclusive.

Appeal from Harris County Court, at Law.

Action by James E. Grubbs against E. P. Boyle. From judgment for plaintiff in county court on trial de novo after appeal from judgment in justice court, defendant appeals. Appeal dismissed.

Homer Stephenson, of Houston, for appellant.

PLEASANTS, C. J.  This is an action for the recovery of possession of a lot in the town of La Porte in Harris county, brought under our forcible entry and detainer statute (Vernon's Sayles' Ann. Civ. St. 1914,, arts. 3940–3964).  The trial in the justice court resulted in a judgment in favor of plaintiff Grubbs, appellee here, and upon appeal and trial de novo in the court below judgment was rendered in favor of plaintiff for possession of the premises and for damages in the sum of $100.  Defendant in due time filed an appeal bond and has brought the record of the case properly before this court.

Appellee has filed a motion to dismiss the appeal because the statute under which the suit was brought, article 3962, Vernon's Sayles' Civil Statutes, makes the judgment of the court below final and expressly denies any right of appeal.  The provisions of the statute above cited are unambiguous, and we think deny any jurisdiction in this court to hear and determine the question presented by this appeal.

Appellant very earnestly contends that because appellee's petition and the evidence in the case show that, if he was entitled to any damages, judgment in his favor should have been rendered for $140, and he could not by

only asking for and obtaining a judgment for $100 defeat the jurisdiction of this court. He further contends that the judgment entered in the trial court, being for "$100 with interest thereon at the rate of 6 per cent. per annum," is a judgment in excess of $100, and therefore the right of appeal is not denied by the statute cited.

At the request of appellant the trial judge filed the following conclusions of fact and law:

### "Conclusions of Fact.

"I find that plaintiff had been renting the property in question to tenants and collecting $10 a month rent for about 18 months prior to the 14th day of March, 1922, when his last tenant moved out of the house and off of the premises.  That within three or four days thereafter the defendant moved into the house and took possession of the premises.  There was no one actually in corporeal possession of the house and premises at the time the defendant took possession.  That the reasonable rental value of the property was $10 a month during the time defendant had possession of same, and that plaintiff suffered damages at the rate of $10 a month during such time.

### "Conclusions of Law.

"I conclude that plaintiff had the right, as a matter of law, to possession at the time the notice to vacate was given, and at the time suit was filed, and that plaintiff had a legal right to claim only $100 as damages, and therefore enter judgment for the plaintiff."

In support of his first contention, appellant cites the cases of Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 470, 119 S. W. 294, and Wells Fargo & Co. v. Crittenden (Tex. Civ. App.) 189 S. W. 296.  We do not think either of these cases are ruling ones upon the question here presented.  In the first case, the question under consideration was whether the trial court had jurisdiction of the cause in which the judgment appealed from was rendered.  The question of jurisdiction depended upon the amount in controversy, and it was held by our Supreme Court that where the allegations of the petition showed a cause of action for an amount in excess of the jurisdiction of the court, "the plaintiff should not be permitted to remit a portion of the claim sued upon for the purpose of bringing his action within the jurisdiction of the court."  It seems to us that the question before us is a different one.  The jurisdiction of the trial court to render the judgment appealed from cannot be doubted. If such judgment had been rendered without the consent of appellee, it would have been final and conclusive against him under the statute before cited, and we do not think that his consent to its rendition affects its conclusiveness.  The amount in controversy does not affect the question.  The statute is explicit in its declarations that—

"The judgment of the county court shall be conclusive of the litigation and no further appeal shall be allowed except where the judgment shall be for ,damages in an amount exceeding one hundred dollars."

The other case cited has little, if any, bearing upon the question.

[1] We think the plain provisions of the statute settle the question against appellant's contention. '

[2] There is no merit in the contention that the judgment is for an amount exceeding $100. The judgment for interest, in view of the trial court's conclusion of fact and law, can only be construed as awarding interest on the $100 from the date of the rendition of the judgment, and when so construed it cannot be held to be a judgment for damages in excess of $100 in the purview of the cited statute.

It follows from these conclusions that we are of opinion that the action to dismiss should be sustained, and it has been so ordered.

Dismissed.